FILED

2016 OCT 25 AM 11:41

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY: _____

LA CV16 07930-DSF-AJWx

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### Western Division

James Poet,

    Plaintiff,

    vs.

TIME WARNER,
TIME WARNER CABLE CONNECT
YOUR HOME INC.

    Defendants.

)CASE NO:
)
)VERIFIED COMPLAINT FOR DAMAGES
)
)VIOLATION OF 47 USC 227 *et seq.* TCPA;
)VIOLATION OF 15 USC 1692 *et seq.* FDCPA;
)VIOLATION OF CALIFORNIA ROSENTHAL
)FAIR DEBT COLLECTION PRACTICES ACT
)CC 1788 *et seq.*
)
)
)DEMAND FOR TRIAL BY JURY

PAID

OCT 25 2016

Clerk, US District Court
COURT 4612

## COMPLAINT PRELIMINARY STATEMENT

Plaintiff, James Poet (hereinafter "POET"), individually hereby sues Defendants TIME

WARNER (hereinafter "TW") and TIME WARNER CABLE CONNECT YOUR HOME, INC.

(hereinafter "TWC"), for violations of the TCPA 47 USC §227, violations of the FDCPA 15

USC §1692, and the California Rosenthal Fair Debt Collection Practices Act Civil Code 1788.

This is an action for damages brought by Plaintiff against Defendants for violations of the

Telephone Consumer Protection Act (TCPA) 47 USC §227(b)(1)(A), Telephone Consumer

Protection Act (TCPA) 47 USC §227(b)(1)(A)(iii), Fair Debt Collection Practices Act (FDCPA)

15 USC §1692g,§1692e(8), §1692e(10), the California Rosenthal Fair Debt Collection Practices Act (CFDCPA).

Plaintiff contends that the Defendants have violated the following laws by repeatedly harassing Plaintiff in attempts to collect alleged but nonexistent debt, and this debt is allegedly owed by another person, and willfully and intentionally called Plaintiffs emergency cell phone.

**JURISDICTION AND VENUE**

1.    Jurisdiction of this Court arises under 28 U.S.C. §1331, 47 U.S.C. §227(b)(3), 15 U.S.C. §1692k(d), California Stat. § 1788, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367, Jurisdiction arises under Cal. Civ. Pro. §410.10. Defendants conduct business in the state of California and therefore, personal jurisdiction is established.

2.    Venue is proper pursuant to 28 U.S.C. §1391b and Cal. Civ. Pro. §395(a). Venue in this District is proper in that the Plaintiff resides here, the Defendants transact business here, and the conduct complained of occurred here.

**PARTIES**

3.    Plaintiff, "POET" is a natural person and is a resident of Los Angeles County, California.

4.    Upon information and belief Defendants, ("TW") is a California corporation, authorized to do business in California, with Corporate Headquarters at 60 Columbus Circle, New York, New York 10023, Agent For Service of Process, CT CORPORATION SYSTEM, 818 W. 7th STE 930, Los Angeles, CA 90017.

5.    Upon information and belief Defendants, ("TWC") is a California Corporation, authorized to do business in California, with Corporate Headquarters at 1285 Baring Blvd. Sparks, Nevada 89434, Agent For Service of Process, Michael B. Kushner at 15 Enterprise Suite 110, Aliso Viejo, CA 92656.

## FACTUAL ALLEGATIONS

6.      Defendants("TW") and ("TWC") are creditors to whomever they have established a business relationship and provided services for which they can collect the account.

7.      Plaintiff alleges ("TW") and ("TWC") are a debt collector, and is attempting to collect a debt, subject to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* (''FDCPA'') , due to the fact ("TW") and ("TWC") did not have an established business relationship with Plaintiff and is attempting to collect a consumer account in an amount from Plaintiff that Plaintiff does not owe.

8.      Plaintiff is a consumer as the purported debt Defendants ("TW") and ("TWC") has also been attempting to collect a consumer debt, from an unknown person.

9.      Referring to the preceding paragraphs, because Defendants ("TW") and ("TWC") is an entity which is attempting to collect consumer debts from Plaintiff which Plaintiff did not incur; brings Defendants ("TW") and ("TWC") within the ambit of the California Rosenthal Fair Debt Collection Practices Act Civil Code 1788 (''CFDCPA'').

10.     Plaintiff has no prior or present established relationship with the Defendants ("TW") and ("TWC").

11.     Plaintiff first received a call on his emergency cell phone from Defendants("TW") and ("TWC"), who were looking for a Patricia Rodriguez, a consumer client of theirs, and they were calling regarding a past due balance Patricia Rodriguez owed to them.

12.     Plaintiff informed the person on the phone that it was "POETS" emergency cell phone number, Plaintiff did not know any Patricia Rodriguez, Plaintiff disputed the debt and did not owe Defendants any money, and under no certain terms Defendants were instructed to not call Plaintiff again on Plaintiff's emergency cell phone.

13.     Defendants ("TW") and ("TWC") representative on the phone assured Plaintiff that a record of the call was made, their consumer clients name would be removed from this number, and that no further calls from Defendants ("TW") and ("TWC") would come to Plaintiff.

14.     Plaintiff has no contractual obligation to pay Defendants ("TW") and ("TWC").

15.     Plaintiff has never given Defendants ("TW") and ("TWC") Plaintiff's cell phone number.

16.     Plaintiff has never given Defendants ("TW") and ("TWC") express permission to call Plaintiff's cellular phone.

17.     Defendants ("TW") and ("TWC") has never validated or verified the debt per 15 U.S.C. 1692g, but continues to attempt to collect this disputed debt.

18.     From October 2015 to Oct 7th, 2016, Defendants ("TW") and ("TWC") called "POETS" emergency cell and sent text messages, ignoring Plaintiffs demand not to call Plaintiffs cell phone, a total of 24 phone calls and 8 text messages, for a total of 32 times, 31 times after being instructed not to call Plaintiffs cell phone again. Five of these calls are voice messages left on 'POETS' emergency cell. (see Exhibit A attached hereto and incorporated herein by reference).

19.     These calls from ("TW") and ("TWC") to Plaintiffs emergency cell phone number (626) 931-0789 from the numbers listed on Exhibit A, were using automatic telephone dialing system *capabilities* with *artificial or prerecorded voices*, attempting to collect a debt by leaving  a prerecorded message *threating to continue collection actions for nonpayment of a debt*.

VERIFIED COMPLAINT FOR DAMAGES

20.     The call from ("TW") and ("TWC") would come to Plaintiffs cell phone, when answered Plaintiff would say "hello". There is a pause. An automated prerecorded message would play, *stating similar*: "If you are? Patricia Rodriguez, Press one". When pressing one, a further message would continue. The call was not made by human hands nor any conversation with a human being. This is a separate and distinct damage, cause of action, and violation of strict liability statute of the TCPA.

21.     On August 29, 2016 Plaintiff wrote a Notice of Intent to Sue and Commence Action by Certified Mail Receipt #70156040000116481185; as a condition precedent to a damage suit. The letter was delivered to TIME WARNER. Plaintiff assumed that Defendants ("TW") and ("TWC") would stop the calls after the mailing of the Notice. They did not.

22.     Defendants ("TW") and ("TWC") calls continued after Plaintiff notified ("TW") and ("TWC") to stop (by mail and by phone). Defendants ("TW") and ("TWC"), does not care, intentionally, willfully and knowingly violating the strict liability statute with malice, with disregard to the Plaintiff.

23.     On all the above referenced calls to Plaintiffs cellular phone, Defendants ("TW") and ("TWC") asserted a right which it lacks, to wit, the right to enforce a debt.

24.     On all the above referenced calls to Plaintiffs cellular phone, Defendants ("TW") and ("TWC") failed to identify that they were debt collectors attempting to collect a debt.

25.     On all the above referenced calls to Plaintiffs cellular phone, Defendants ("TW") and ("TWC") trespassed on Plaintiff and Plaintiff incurred an injury as his peace was disturbed, Plaintiffs personal time was wasted, Plaintiff was charged for the call, Plaintiffs wear and tear of his emergency cell phone and wear of his battery incurred.

26.     Plaintiff has Article III standing.

## FIRST CAUSE OF ACTION
### VIOLATIONS OF THE TELEPHONE COMMUNICATIONS ACT 47 U.S.C. §227(b)(1)(A) AND §227(b)(1)(A)(iii) BY DEFENDANTS("TW") AND (TWC").

27.     Plaintiff's re-alleges and incorporates by reference the facts and allegations contained in the Paragraphs above as though fully set forth herein.

28.     This damage is for the calls and texts from Defendants ("TW") and ("TWC") to Plaintiffs emergency cell phone as listed on Exhibit A, for a total of 32 individual violations of statute. As a separate and distinct damage and cause of action, Defendants ("TW") and ("TWC") has demonstrated intentional and willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) and §227(b)(1)(A)(iii), by violating strict liability statute; by the following.

47 U.S.C. §227(b)(1)(A) states in part;

(b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—

(1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

47 U.S.C. §227(b)(1)(A)(iii) states in part;

(1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

29.     Defendants("TW") and ("TWC") has damaged Plaintiff by violations of 47 USC 227 as follows:

§ 227(b)(1)(A) using an automatic telephone dialing system to call cell phone.
§ 227(b)(1)(A) making a call without an emergency purpose.
§ 227(b)(1)(A) making a call without prior express (written) consent.
§ 227(b)(1)(A) making a call using automatic telephone dialing system.
§ 227(b)(1)(A) making a call with an artificial or prerecorded voice.
§ 227(b)(3)(B) making a call without an established business relationship.
§ 227(b)(1)(A)(iii) making a call for which Plaintiff is charged for the call.
§ 227(b)(1)(A)(iii) making a call without permission to call POETS cellular telephone.

30.    Plaintiff spoke with ("TW") and ("TWC").("TW") and ("TWC") assured Plaintiff that the calls and collection attempts would stop. But ("TW") and ("TWC") refuses to cease communication and continues to violate 47 USC§227.

31.    An unintentional call carries a damage amount of $500; an intentional call carries a damage amount of $1,500 per violation.

32.    Defendants ("TW") and (TWC") has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) and §227(b)(1)(A)(iii)by calling the Plaintiff's emergency cell number after being notified it was not their consumers phone number, and that promising not to further call or bother Plaintiff on his emergency cell phone. The call is subject to treble damages pursuant to 47 U.S.C. §227(b)(3) as it was intentional and willful.

33.    Plaintiff and ("TW") and ("TWC") do not have within the meaning of 47 U.S.C. §227(1) an established business relationship, (2) Plaintiff did not give ("TW") and ("TWC") his personal emergency cell phone number, (3) ("TW") and ("TWC") did not have express permission to call Plaintiffs emergency cell phone, (4) Plaintiff notified ("TW") and ("TWC") to stop calling Plaintiffs emergency cell phone, (5) Plaintiff was charged for the call. Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. §227(b)(3)(C).

**WHEREFORE,** Plaintiff demands judgment for damages against ("TW") and ("TWC") for statutory damages of $47,000.00 plus attorney's fees and costs, pursuant to 47 U.S.C §227.

## SECOND CAUSE OF ACTION
### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 *et seq.* BY DEFENDANTS("TW") AND (TWC").

34.     Plaintiff's re-alleges and incorporates by reference the facts and allegations contained in the Paragraphs above as though fully set forth herein.

35.     Plaintiff is a consumer within the meaning of 15 USC 1692a(3).

36.     Defendants ("TW") and ("TWC") are a debt collector within the meaning of 15 USC 1692a(6); since Defendants ("TW") and ("TWC") is attempting collection of a debt from Plaintiff who is NOT A CUSTOMER OF ("TW") and ("TWC").

37.     Defendants ("TW") and ("TWC") violated the FDCPA, Defendants("TW") and ("TWC")'s violations include, but are not limited to: the following:

a.  Defendants ("TW") and ("TWC") violated 15 USC §1692g, by failing to cease collection until they validate or verify the debt.
b.  Defendants ("TW") and ("TWC") violated 15 USC §1692e(8), by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.
c.  Defendants ("TW") and ("TWC") violated 15 USC §1692e(10), by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

38.     Defendants ("TW") and ("TWC") were notified verbally over the phone and in writing by Plaintiff in the notice to commence an action, that the debt was in dispute, did not belong to Plaintiff, and the calls to Plaintiffs emergency cell were to stop, and required verification and validation.

39.     Defendants ("TW") and ("TWC") continued collection of the debt.

**WHEREFORE,** Plaintiff demands judgment for damages against ("TW") and ("TWC") for statutory damages OF $1,000.00, attorney's fees and costs, pursuant to 15 U.S.C. §1692.

### THIRD CAUSE OF ACTION
**VIOLATION OF CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CC 1788 *et seq.* BY DEFENDANTS("TW") AND (TWC").**

40.     Plaintiff's re-alleges and incorporates by reference the facts and allegations contained in the Paragraphs above as though fully set forth herein.

41.     Plaintiff is a consumer within the meaning of 15 USC 1692 *et seq.*

42.     Defendants ("TW") and ("TWC")is seeking to collect a consumer debt from Plaintiff as defined by Cal. Civ. §1788.10(f).

43.     The account in question is a consumer credit transaction ad defined by Cal. Civ. §1788.2(e) as Plaintiff has allegedly received property, services or money from the Defendants on an extension of credit and such property, services or money was used primarily for personal, family or household purposes.

44.     Defendants ("TW") and ("TWC") has damaged Plaintiff by violations of CCC 1788 as follows:

a. § 1788.10(c) debt collector knows will defame the debtor.
b. § 1788.10(f) threat to take action which is prohibited by this title.
c. § 1788.11(e) constitute an harassment.
d. § 1788.12(c) communicating . . deadbeat list (debt report).
e. § 1788.13(j) false representation . .  threatening service termination. . unless payment is made.
f. § 1788.17 shall comply with provisions of 1692b to 1692j; subject to 1692k.

**WHEREFORE,** Plaintiff demands judgment for damages against ("TW") and (TWC") for statutory damages of $1,000.00, attorney's fees pursuant to §1788.30(b) and costs, pursuant to §1788.30(c).

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues, so triable as a matter of law.

October 24,  2016

Respectfully submitted:

James Poet, Plaintiff Pro Se

## <u>VERIFICATION: OF James Poet</u>

I, James Poet, declare as follows:

1.      I am the Plaintiff in the above entitled matter.

2.      I am of age, sound of mind and competent to testify to facts based on firsthand knowledge of above items so stated.

3.      I have been damaged financially, socially and emotionally as a result of  Defendant's  unlawful actions and violations as stated in the attached complaint..

4.      I have read the foregoing pleading and know the facts therein stated to be true and correct.

5.      I declare, under penalty of perjury pursuant to the laws of California, that the foregoing is true and correct to the best of my knowledge, information and belief.

James Poet

# EXHIBIT A

**EXHIBIT A   CALL AND TEXT LOG FROM DEFENDANTS TW AND TWC TO POET**

| DATE | TIME | AM PM | CALL FROM NUMBER | DATE | TIME | AM PM | TEXT FROM NUMBER |
|------|------|-------|------------------|------|------|-------|------------------|
| 10/24/2015 | 9:15 AM | | 18008922253 | | | | |
| 10/24/2015 | 3:15 PM | | 18008922253 | 3/26/2016 | 9:53 AM | | 180545953 |
| 11/9/2015 | 1:33 PM | | 18008922253 | 4/7/2016 | 10:36 AM | | 61373 |
| 2/3/2016 | 9:24 AM | | 18008922253 | 4/28/2016 | 9:57 AM | | 61373 |
| 2/9/2016 | 1:22 PM | | 18008922253 | 5/2/2016 | 10:20 AM | | 61373 |
| 3/28/2016 | 12:03 PM | | 18008922253 | 5/20/2016 | 12:25 PM | | 61373 |
| 4/28/2016 | 9:57 AM | | 18008922253 | 5/25/2016 | 5:19 PM | | 61373 |
| 5/20/2016 | 12:25 PM | | 18008922253 | 8/1/2016 | 9:31 AM | | 61373 |
| 8/16/2016 | 11:17 AM | | 18442492625 | 9/1/2016 | 10:35 AM | | 61373 |
| 8/16/2016 | 2:24 PM | | 18442492625 | | | | |
| 8/16/2016 | 3:08 PM | | 18442492625 | | | | |
| 8/20/2016 | 12:13 PM | | 18008922253 | | | | |
| 8/22/2016 | 4:12 PM | | 18008922253 | | | | |
| 8/24/2016 | 9:15 AM | | 18008922253 | | | | |
| 8/24/2016 | 12:26 PM | | 18008922253 | | | | |
| 8/28/2016 | 10:33 AM | | 18008922253 | | | | |
| 8/28/2016 | 12:30 PM | | 18888922253 | | | | |
| 9/24/2016 | 1:37 PM | | 18008922253 | | | | |
| 10/7/2016 | 9:50 AM | | 18008922253 | | | | |

19 PHONE CALLS                            8 EA TEXTS

MESSAGES STILL ON MY PRIVATE CELL PHONE            5 EA MESSAGES

TOTAL OF ALL CALLS NOT COUNTING JUNE/JULY            32 CALLS/TEXTS/MESSAGES

**EXHIBIT A   CALL AND TEXT LOG FROM DEFENDANTS TW AND TWC TO POET**































UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| **I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☒ ) | **DEFENDANTS** ( Check box if you are representing yourself ☐ ) |
|---|---|
| James Poet<br>501 West Glenoaks Blvd<br>Glendale, CA 91202 | TIME WARNER,<br>TIME WARNER CABLE CONNECT YOUR HOME INC. |

| **(b)** County of Residence of First Listed Plaintiff   Los Angeles<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant<br>*(IN U.S. PLAINTIFF CASES ONLY)* |
|---|---|

| **(c)** Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.<br>James Poet<br>501 West Glenoaks Blvd<br>Glendale, CA 91202<br>(626) 931-0789 Emergency cell | Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information. |
|---|---|

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

| | |
|---|---|
| ☐ 1. U.S. Government Plaintiff | ☒ 3. Federal Question (U.S. Government Not a Party) |
| ☐ 2. U.S. Government Defendant | ☐ 4. Diversity (Indicate Citizenship of Parties in Item III) |

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

| | |
|---|---|
| ☒ 1. Original Proceeding | ☐ 2. Removed from State Court |
| ☐ 3. Remanded from Appellate Court | ☐ 4. Reinstated or Reopened |
| ☐ 5. Transferred from Another District (Specify) | ☐ 6. Multidistrict Litigation - Transfer |
| ☐ 8. Multidistrict Litigation - Direct File | |

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☐ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $ ~~46,500.00~~ 942,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
VIOLATION of 47 USC 227 et seq. TCPA; VIOLATION of 15 USC 1692 et seq. FDCPA; VIOLATION OF CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CC 1788 et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 376 Qui Tam (31 USC 3729(a)) | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 400 State Reapportionment | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 410 Antitrust | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 430 Banks and Banking | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 450 Commerce/ICC Rates/Etc. | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 460 Deportation | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☒ 480 Consumer Credit | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 850 Securities/Commodities/Exchange | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 891 Agricultural Acts | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 893 Environmental Matters | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 895 Freedom of Info. Act | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 896 Arbitration | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accommodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

| **FOR OFFICE USE ONLY:** Case Number: | LA CV16 07930-DSF-AJWx |
|---|---|

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII.   VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A:  Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes  ☒ No | ☐ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B:  Is the United States, or one of its agencies or employees, a PLAINTIFF in this action? | | |
|---|---|---|
| ☐ Yes  ☒ No | **B.1.** Do 50% or more of the defendants who reside in the district reside in Orange Co.?  *check one of the boxes to the right* ➡ | ☐ YES.  Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
| | | ☐ NO.  Continue to Question B.2. |
| If "no," skip to Question C. If "yes," answer Question B.1, at right. | **B.2.** Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)  *check one of the boxes to the right* ➡ | ☐ YES.  Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO.  Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C:  Is the United States, or one of its agencies or employees, a DEFENDANT in this action? | | |
|---|---|---|
| ☐ Yes  ☒ No | **C.1.** Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.?  *check one of the boxes to the right* ➡ | ☐ YES.  Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
| | | ☐ NO.  Continue to Question C.2. |
| If "no," skip to Question D. If "yes," answer Question C.1, at right. | **C.2.** Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)  *check one of the boxes to the right* ➡ | ☐ YES.  Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO.  Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D:  Location of plaintiffs and defendants? | A. Orange County | B. Riverside or San Bernardino County | C. Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☐ |

| D.1.  Is there at least one answer in Column A? | D.2.  Is there at least one answer in Column B? |
|---|---|
| ☐ Yes  ☒ No | ☐ Yes  ☒ No |
| If "yes," your case will initially be assigned to the SOUTHERN DIVISION. | If "yes," your case will initially be assigned to the EASTERN DIVISION. |
| Enter "Southern" in response to Question E,  below, and continue from there. | Enter "Eastern" in response to Question E,  below. |
| If "no," go to question D2 to the right. ➡ | If "no," your case will be assigned to the WESTERN DIVISION. Enter "Western" in response to Question E, below.  ⬇ |

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | *Western* |

| QUESTION F: Northern Counties? | |
|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes  ☐ No |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a).  IDENTICAL CASES**: Has this action been previously filed **in this court**?                        ☒ NO        ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES**: Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court**?

☒ NO        ☐ YES

If yes, list case number(s): _____

**Civil cases** are related when they (check all that apply):

☐   A.  Arise from the same or a closely related transaction, happening, or event;

☐   B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐   C.  For other reasons would entail substantial duplication of labor if heard by different judges.

Note:  That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**A civil forfeiture case and a criminal case** are related when they (check all that apply):

☐   A.  Arise from the same or a closely related transaction, happening, or event;

☐   B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐   C.  Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):** _____*James Kint*_____        DATE: October 19, 2016

**Notice to Counsel/Parties:**  The submission of this Civil Cover Sheet is required by Local Rule 3-1.  This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended.  Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |