FILED

1  James Poet
   501 West Glenoaks Blvd #727
2  Glendale, CA 91202                      2017 FEB 22  PM 12: 41
3  (626) 931-0789 Emergency cell
   Eadness1@yahoo.com                      CLERK U.S. DISTRICT COURT
4                                          CENTRAL DIST. OF CALIF.
                                           LOS ANGELES
5                                          BY:
6
7              UNITED STATES DISTRICT COURT
8              CENTRAL DISTRICT OF CALIFORNIA
                    Western Division
9
10 James Poet,                    )CASE NO: LA CV16 07930-DSF-AJWX
                                  )
11     Plaintiff,                 )VERIFIED FIRST AMMENDED COMPLAINT
                                  )FOR DAMAGES
12     vs.                        )
                                  )VIOLATION OF 47 USC 227 *et seq.* TCPA;
13 TIME WARNER INC,               )VIOLATION OF 15 USC 1692 *et seq.* FDCPA;
14 TIME WARNER CABLE, INC.        )VIOLATION OF CALIFORNIA ROSENTHAL
                                  )FAIR DEBT COLLECTION PRACTICES ACT
15     Defendants.                )CC 1788 *et seq.*
16                                )
                                  )
17 _____ DEMAND FOR TRIAL BY JURY
18
19          **COMPLAINT PRELIMINARY STATEMENT**
20     Plaintiff, James Poet (hereinafter "POET"), individually hereby sues Defendants TIME
21 WARNER INC  (hereinafter "TW") and TIME WARNER CABLE, INC. (hereinafter "TWC"),
22 for violations of the TCPA 47 USC §227, violations of the FDCPA 15 USC §1692, and the
23
24 California Rosenthal Fair Debt Collection Practices Act Civil Code 1788.
25     This is an action for damages brought by Plaintiff against Defendants for violations of the
26 Telephone Consumer Protection Act (TCPA) 47 USC §227(b)(1)(A), Telephone Consumer
27 Protection Act (TCPA) 47 USC §227(b)(1)(A)(iii), Fair Debt Collection Practices Act (FDCPA)
28

15 USC §1692g,§1692e(8), §1692e(10), the California Rosenthal Fair Debt Collection Practices Act (CFDCPA).

Plaintiff contends that the Defendants have violated the following laws by repeatedly harassing Plaintiff in attempts to collect alleged but nonexistent debt, and this debt is allegedly owed by another person, and willfully and intentionally called Plaintiffs emergency cell phone.

## JURISDICTION AND VENUE

1.       Jurisdiction of this Court arises under 28 U.S.C. §1331, 47 U.S.C. §227(b)(3), 15 U.S.C. §1692k(d), California Stat. § 1788, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367, Jurisdiction arises under Cal. Civ. Pro. §410.10. Defendants conduct business in the state of California and therefore, personal jurisdiction is established.

2.       Venue is proper pursuant to28 U.S.C. §1391b and Cal. Civ. Pro. §395(a). Venue in this District is proper in that the Plaintiff resides here, the Defendants transact business here, and the conduct complained of occurred here.

## PARTIES

3.       Plaintiff, "POET" is a natural person and is a resident of Los Angeles County, California.

4.       Upon information and belief Defendants, ("TW") is a California corporation, authorized to do business in California, with Corporate Headquarters at 60 Columbus Circle, New York, New York 10023, Agent For Service of Process, CT CORPORATION SYSTEM, 818 W. 7th STE 930, Los Angeles, CA 90017.

5.       Upon information and belief Defendants, ("TWC") is a California Corporation, authorized to do business in California, with Corporate Headquarters at 60 Columbus Circle, New York, New York 10023, Agent For Service of Process, CT CORPORATION SYSTEM, 818 W. 7th STE 930, Los Angeles, CA 90017.

6.

## **FACTUAL ALLEGATIONS**

7.     Defendants("TW") and ("TWC") are creditors to whomever they have established a business relationship and provided services for which they can collect the account.

8.     Plaintiff alleges ("TW") and ("TWC") are a debt collector, and is attempting to collect a debt, subject to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), due to the fact ("TW") and ("TWC") did not have an established business relationship with Plaintiff and is attempting to collect a consumer account in an amount from Plaintiff that Plaintiff does not owe.

9.     Plaintiff is a consumer as the purported debt Defendants ("TW") and ("TWC") has also been attempting to collect a consumer debt, from an unknown person.

10.     Referring to the preceding paragraphs, because Defendants ("TW") and ("TWC") is an entity which is attempting to collect consumer debts from Plaintiff which Plaintiff did not incur; brings Defendants ("TW") and ("TWC") within the ambit of the California Rosenthal Fair Debt Collection Practices Act Civil Code 1788 ("CFDCPA").

11.     Plaintiff has no prior or present established relationship with the Defendants ("TW") and ("TWC").

12.     Plaintiff first received a call on his emergency cell phone from Defendants("TW") and ("TWC"), who were looking for a Patricia Rodriguez, a consumer client of theirs, and they were calling regarding a past due balance Patricia Rodriguez owed to them.

13.     Plaintiff informed the person on the phone that it was "POETS" emergency cell phone number, Plaintiff did not know any Patricia Rodriguez, Plaintiff disputed the debt and did

not owe Defendants any money, and under no certain terms Defendants were instructed to not call Plaintiff again on Plaintiff's emergency cell phone.

14.     Defendants ("TW") and ("TWC") representative on the phone assured Plaintiff that a record of the call was made, their consumer clients name would be removed from this number, and that no further calls from Defendants ("TW") and ("TWC") would come to Plaintiff.

15.     Plaintiff has no contractual obligation to pay Defendants ("TW") and ("TWC").

16.     Plaintiff has never given Defendants ("TW") and ("TWC") Plaintiff's cell phone number.

17.     Plaintiff has never given Defendants ("TW") and ("TWC") express permission to call Plaintiff's cellular phone.

18.     Defendants ("TW") and ("TWC") has never validated or verified the debt per 15 U.S.C. 1692g, but continues to attempt to collect this disputed debt.

19.     From October 2015 to Oct 7th, 2016, Defendants ("TW") and ("TWC") called "POETS" emergency cell and sent text messages, ignoring Plaintiffs demand not to call Plaintiffs cell phone, a total of 24 phone calls and 8 text messages, for a total of 32 times, 31 times after being instructed not to call Plaintiffs cell phone again. Five of these calls are voice messages left on 'POETS' emergency cell. (see Exhibit A attached hereto and incorporated herein by reference).

20.     These calls from ("TW") and ("TWC") to Plaintiffs emergency cell phone number (626) 931-0789 from the numbers listed on Exhibit A, were using automatic telephone dialing system ***capabilities*** with ***artificial or prerecorded voices***, attempting to collect a debt by

VERIFIED COMPLAINT FOR DAMAGES                                          Page 4

leaving a prerecorded message ***threating to continue collection actions for nonpayment of a debt***.

21.     The call from ("TW") and ("TWC") would come to Plaintiffs cell phone, when answered Plaintiff would say "hello". There is a pause. An automated prerecorded message would play, *stating similar*: "If you are? Patricia Rodriguez, Press one". When pressing one, a further message would continue. The call was not made by human hands nor any conversation with a human being. This is a separate and distinct damage, cause of action, and violation of strict liability statute of the TCPA.

22.     On August 29, 2016 Plaintiff wrote a Notice of Intent to Sue and Commence Action by Certified Mail Receipt #70156040000116481185; as a condition precedent to a damage suit. The letter was delivered to TIME WARNER. Plaintiff assumed that Defendants ("TW") and ("TWC") would stop the calls after the mailing of the Notice. They did not.

23.     Defendants ("TW") and ("TWC") calls continued after Plaintiff notified ("TW") and ("TWC") to stop (by mail and by phone). Defendants ("TW") and ("TWC"), does not care, intentionally, willfully and knowingly violating the strict liability statute with malice, with disregard to the Plaintiff.

24.     On all the above referenced calls to Plaintiffs cellular phone, Defendants ("TW") and ("TWC") asserted a right which it lacks, to wit, the right to enforce a debt.

25.     On all the above referenced calls to Plaintiffs cellular phone, Defendants ("TW") and ("TWC") failed to identify that they were debt collectors attempting to collect a debt.

26.     On all the above referenced calls to Plaintiffs cellular phone, Defendants ("TW") and ("TWC") trespassed on Plaintiff and Plaintiff incurred an injury as his peace was disturbed,

Plaintiffs personal time was wasted, Plaintiff was charged for the call, Plaintiffs wear and tear of his emergency cell phone and wear of his battery incurred.

27.     Plaintiff has Article III standing.

## FIRST CAUSE OF ACTION
### VIOLATIONS OF THE TELEPHONE COMMUNICATIONS ACT 47 U.S.C. §227(b)(1)(A) AND §227(b)(1)(A)(iii) BY DEFENDANTS("TW") AND (TWC").

28.     Plaintiff's re-alleges and incorporates by reference the facts and allegations contained in the Paragraphs above as though fully set forth herein.

29.     This damage is for the calls and texts from Defendants ("TW") and ("TWC") to Plaintiffs emergency cell phone as listed on Exhibit A, for a total of 32 individual violations of statute. As a separate and distinct damage and cause of action, Defendants ("TW") and ("TWC") has demonstrated intentional and willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) and §227(b)(1)(A)(iii), by violating strict liability statute; by the following.

47 U.S.C. §227(b)(1)(A) states in part;

(b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—

(1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

47 U.S.C. §227(b)(1)(A)(iii) states in part;

(1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

30.     Defendants("TW") and ("TWC") has damaged Plaintiff by violations of 47 USC 227 as follows:

§ 227(b)(1)(A) using an automatic telephone dialing system to call cell phone.
§ 227(b)(1)(A) making a call without an emergency purpose.
§ 227(b)(1)(A) making a call without prior express (written) consent.
§ 227(b)(1)(A) making a call using automatic telephone dialing system.
§ 227(b)(1)(A) making a call with an artificial or prerecorded voice.
§ 227(b)(3)(B) making a call without an established business relationship.
§ 227(b)(1)(A)(iii) making a call for which Plaintiff is charged for the call.
§ 227(b)(1)(A)(iii) making a call without permission to call POETS cellular telephone.

31.     Plaintiff spoke with ("TW") and ("TWC").("TW") and ("TWC") assured Plaintiff that the calls and collection attempts would stop. But ("TW") and ("TWC") refuses to cease communication and continues to violate 47 USC§227.

32.     An unintentional call carries a damage amount of $500; an intentional call carries a damage amount of $1,500 per violation.

33.     Defendants ("TW") and (TWC") has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) and §227(b)(1)(A)(iii)by calling the Plaintiff's emergency cell number after being notified it was not their consumers phone number, and that promising not to further call or bother Plaintiff on his emergency cell phone. The call is subject to treble damages pursuant to 47 U.S.C. §227(b)(3) as it was intentional and willful.

34.     Plaintiff and ("TW") and ("TWC") do not have within the meaning of 47 U.S.C. §227(1) an established business relationship, (2) Plaintiff did not give ("TW") and ("TWC") his personal emergency cell phone number, (3) ("TW") and ("TWC") did not have express permission to call Plaintiffs emergency cell phone, (4) Plaintiff notified ("TW") and ("TWC") to

stop calling Plaintiffs emergency cell phone, (5) Plaintiff was charged for the call. Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. §227(b)(3)(C).

**WHEREFORE,** Plaintiff demands judgment for damages against ("TW") and ("TWC") for statutory damages of $47,000.00 plus attorney's fees and costs, pursuant to 47 U.S.C §227.

**SECOND CAUSE OF ACTION**
**VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 *et seq.* BY DEFENDANTS("TW") AND (TWC").**

35.     Plaintiff's re-alleges and incorporates by reference the facts and allegations contained in the Paragraphs above as though fully set forth herein.

36.     Plaintiff is a consumer within the meaning of 15 USC 1692a(3).

37.     Defendants ("TW") and ("TWC") are a debt collector within the meaning of 15 USC 1692a(6); since Defendants ("TW") and ("TWC") is attempting collection of a debt from Plaintiff who is NOT A CUSTOMER OF ("TW") and ("TWC").

38.     Defendants ("TW") and ("TWC") violated the FDCPA, Defendants("TW") and ("TWC")'s violations include, but are not limited to: the following:

   a. Defendants ("TW") and ("TWC") violated 15 USC §1692g, by failing to cease collection until they validate or verify the debt.
   b. Defendants ("TW") and ("TWC") violated 15 USC §1692e(8), by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.
   c. Defendants ("TW") and ("TWC") violated 15 USC §1692e(10), by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

39.     Defendants ("TW") and ("TWC") were notified verbally over the phone and in writing by Plaintiff in the notice to commence an action, that the debt was in dispute, did not

belong to Plaintiff, and the calls to Plaintiffs emergency cell were to stop, and required

verification and validation.

40.     Defendants ("TW") and ("TWC") continued collection of the debt.

**WHEREFORE,** Plaintiff demands judgment for damages against ("TW") and ("TWC")

for statutory damages OF $1,000.00, attorney's fees and costs, pursuant to 15 U.S.C. §1692.

### THIRD CAUSE OF ACTION
**VIOLATION OF CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CC 1788 *et seq*. BY DEFENDANTS("TW") AND (TWC").**

41.     Plaintiff's re-alleges and incorporates by reference the facts and allegations

contained in the Paragraphs above as though fully set forth herein.

42.     Plaintiff is a consumer within the meaning of 15 USC 1692 *et seq.*

43.     Defendants ("TW") and ("TWC")is seeking to collect a consumer debt from

Plaintiff as defined by Cal. Civ. §1788.10(f).

44.     The account in question is a consumer credit transaction ad defined by Cal. Civ.

§1788.2(e) as Plaintiff has allegedly received property, services or money from the Defendants

on an extension of credit and such property, services or money was used primarily for personal,

family or household purposes.

45.     Defendants ("TW") and ("TWC") has damaged Plaintiff by violations of CCC

1788 as follows:

a.  § 1788.10(c) debt collector knows will defame the debtor.
b.  § 1788.10(f) threat to take action which is prohibited by this title.
c.  § 1788.11(e) constitute an harassment.
d.  § 1788.12(c) communicating . . deadbeat list (debt report).
e.  § 1788.13(j) false representation . .  threatening service termination. . unless payment is made.
f.  § 1788.17 shall comply with provisions of 1692b to 1692j; subject to 1692k.

**WHEREFORE,** Plaintiff demands judgment for damages against ("TW") and (TWC") for statutory damages of $1,000.00, attorney's fees pursuant to §1788.30(b) and costs, pursuant to §1788.30(c).

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues, so triable as a matter of law.

October 24,  2016

Respectfully submitted:

*James Poet*

James Poet, Plaintiff Pro Se

## <u>VERIFICATION: OF James Poet</u>

I, James Poet, declare as follows:

1.     I am the Plaintiff in the above entitled matter.

2.     I am of age, sound of mind and competent to testify to facts based on firsthand knowledge of above items so stated.

3.     I have been damaged financially, socially and emotionally as a result of  Defendant's  unlawful actions and violations as stated in the attached complaint..

4.     I have read the foregoing pleading and know the facts therein stated to be true and correct.

5. I declare, under penalty of perjury pursuant to the laws of California, that the foregoing is true and correct to the best of my knowledge, information and belief.

James Poet

# EXHIBIT A

**EXHIBIT A   CALL AND TEXT LOG FROM DEFENDANTS TW AND TWC TO POET**

| DATE | TIME | AM PM | CALL FROM NUMBER | DATE | TIME | AM PM | TEXT FROM NUMBER |
|---|---|---|---|---|---|---|---|
| 10/24/2015 | 9:15 | AM | 18008922253 | | | | |
| 10/24/2015 | 3:15 | PM | 18008922253 | 3/26/2016 | 9:53 | AM | 180545953 |
| 11/9/2015 | 1:33 | PM | 18008922253 | 4/7/2016 | 10:36 | AM | 61373 |
| 2/3/2016 | 9:24 | AM | 18008922253 | 4/28/2016 | 9:57 | AM | 61373 |
| 2/9/2016 | 1:22 | PM | 18008922253 | 5/2/2016 | 10:20 | AM | 61373 |
| 3/28/2016 | 12:03 | PM | 18008922253 | 5/20/2016 | 12:25 | PM | 61373 |
| 4/28/2016 | 9:57 | AM | 18008922253 | 5/25/2016 | 5:19 | PM | 61373 |
| 5/20/2016 | 12:25 | PM | 18008922253 | 8/1/2016 | 9:31 | AM | 61373 |
| 8/16/2016 | 11:17 | AM | 18442492625 | 9/1/2016 | 10:35 | AM | 61373 |
| 8/16/2016 | 2:24 | PM | 18442492625 | | | | |
| 8/16/2016 | 3:08 | PM | 18442492625 | | | | |
| 8/20/2016 | 12:13 | PM | 18008922253 | | | | |
| 8/22/2016 | 4:12 | PM | 18008922253 | | | | |
| 8/24/2016 | 9:15 | AM | 18008922253 | | | | |
| 8/24/2016 | 12:26 | PM | 18008922253 | | | | |
| 8/28/2016 | 10:33 | AM | 18008922253 | | | | |
| 8/28/2016 | 12:30 | PM | 18888922253 | | | | |
| 9/24/2016 | 1:37 | PM | 18008922253 | | | | |
| 10/7/2016 | 9:50 | AM | 18008922253 | | | | |

19 PHONE CALLS                                    8 EA TEXTS

MESSAGES STILL ON MY PRIVATE CELL PHONE           5 EA MESSAGES

TOTAL OF ALL CALLS NOT COUNTING JUNE/JULY         32 CALLS/TEXTS/MESSAGES

**EXHIBIT A   CALL AND TEXT LOG FROM DEFENDANTS TW AND TWC TO POET**





























