Richard S. Endres Esq. (SBN 144853)
REndres@LondonFischer.com
Darren Le Montree, Esq. (SBN 198715)
DLemontree@LondonFischer.com
LONDON FISCHER LLP
2505 McCabe Way, Suite 100
Irvine, CA 92614
Telephone: (949) 252-0550
Facsimile: (949) 252-0553

*Attorneys for Defendant*
Time Warner Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| JAMES POET, | Case No.: LA CV16 07930-DFS-AJWX |
| Plaintiff, | |
| v. | **DEFENDANT TIME WARNER INC.'S ANSWER TO FIRST AMENDED COMPLAINT** |
| TIME WARNER INC., TIME WARNER CABLE INC. | |
| Defendants. | |

Defendant Time Warner Inc. ("Time Warner") on behalf of itself and no other party, by and through its attorneys, for its Answer and Affirmative Defenses to the First Amended Complaint (the "FAC") of Plaintiff James Poet ("Plaintiff"), responds as follows:

**JURISDICTION AND VENUE**

1. Paragraph "1" of the FAC contains assertions of law to which an answer is not required. To the extent an answer is required, Time Warner denies having knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph "1" of the FAC.

2. Paragraph "2" of the FAC contains assertions of law to which an answer is not required. To the extent an answer is required, Time Warner denies having knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "2" of the FAC except to admit Time Warner is registered to do business in the State of California.

**ALLEGATIONS**

3. In response to paragraph "3" of the FAC, Time Warner denies having knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "3" of the FAC.

4. In response to paragraph "4" of the FAC, Time Warner that its agent for service of process in California is CT Corporation System and that its principal place of business is in New York, New York. Time Warner denies the remaining allegations of paragraph "4" of the FAC.

5. Time Warner denies having knowledge or information sufficient to form a belief about the truth of the allegations in paragraph "5" of the FAC.

{L0055529.2}    2

ANSWER AND AFFIRMATIVE DEFENSES OF TIME WARNER, INC. – Case No. LA CV16 07930-DFS-AJWX

6. Paragraph "6" of the FAC does not contain any allegations or averments.

7. Time Warner does not understand the allegations in paragraph "7" of the FAC and for that reason denies the allegations.

8. Time Warner denies the allegations of paragraph "8" of the FAC as to itself and denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "8" of the FAC as to Time Warner Cable Inc. ("TWC").

9. Time Warner denies the allegations of paragraph "9" of the FAC as to itself, and denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "9" of the FAC relating to Plaintiff and TWC.

10. Time Warner denies the allegations of paragraph "10" of the FAC as to itself and denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "10" of the FAC relating to TWC.

11. Time Warner denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "11" of the FAC.

12. Time Warner denies the allegations of paragraph "12" of the FAC as to itself and denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "12" of the FAC as to TWC.

13. Time Warner denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "13" of the FAC.

14. Time Warner denies the allegations of paragraph "14" of the FAC as to itself and denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "14" of the FAC as to TWC.

15. Time Warner denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "15" of the FAC.

16. Time Warner denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "16" of the FAC.

17. Time Warner denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "17" of the FAC.

18. Time Warner denies attempting to collect any debt against Plaintiff as alleged in paragraph "18" of the FAC and denies having knowledge or information sufficient to form a belief as to the remainder of the allegations of paragraph "18" of the FAC.

19. Time Warner denies the allegations of paragraph "19" of the FAC as to itself and denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "19" of the FAC as to TWC.

20. Time Warner denies the allegations of paragraph "20" of the FAC as to itself and denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "20" as to TWC.

21. Time Warner denies the allegations of paragraph "21" of the FAC as to itself and denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "21" as to TWC.

22. Time Warner denies the allegations of paragraph "22" of the FAC as to itself and denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "22" as to TWC.

23. Time Warner denies the allegations of paragraph "23" of the FAC as to itself and denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "23" as to TWC.

24. Time Warner denies the allegations of paragraph "24" of the FAC as to itself and denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "24" as to TWC.

25. Time Warner denies the allegations of paragraph "25" of the FAC as to itself and denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "25" as to TWC.

26. Time Warner denies the allegations of paragraph "26" of the FAC as to itself and denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "26" as to TWC.

27. Paragraph "27" of the FAC is a legal assertion which does not require a response. To the extent an answer is required, Time Warner denies having knowledge or information sufficient to form a belief about the truth of the allegations asserted in Paragraph "27" of the FAC.

# FIRST CAUSE OF ACTION

## (VIOLATIONS OF THE TELEPHONE COMMUNICATIONS ACT 47 U.S.C. SECTION 227(b)(1)(A) AND SECTION 227 (b)(1)(A)(iii)

28. In response to paragraph "28" of the FAC, Time Warner repeats and realleges each and every above denial and other response to the allegations contained in paragraphs "1" through "27" of the FAC as if fully set forth at length herein.

29. Time Warner denies the allegations of paragraph "29" of the FAC as to itself and denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "29" of the FAC as to TWC.

30. Time Warner denies the allegations of paragraph "30" of the FAC as to itself and denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "30" of the FAC as to TWC.

31. Time Warner denies the allegations of paragraph "31" of the FAC as to itself and denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "31" of the FAC as to TWC.

32. Paragraph "32" of the FAC contains assertions of law to which an answer is not required. To the extent an answer is required, Time Warner denies the allegations asserted in Paragraph "32" of the FAC to the extent directed to Time Warner.

33. Time Warner denies the allegations of paragraph "33" of the FAC as to itself and denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "33" of the FAC as to TWC.

34. Time Warner denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "34" of the FAC.

## SECOND CAUSE OF ACTION

## (VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. SECTION 1692 et seq.)

35. With respect to the reallegations contained in paragraph "35" of the FAC, Time Warner repeats and realleges each and every above denial and other response to the allegations contained in paragraphs designated "1" through "34" of the FAC as if fully set forth at length herein.

36. Paragraph "36" of the FAC contains a legal assertion that does not require an answer. To the extent a response is required, Time Warner denies that it has ever asserted that Plaintiff is obligated or allegedly obligated to pay any debt as to it. Time Warner denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph "36" of the FAC.

37. In response to paragraph "37" of the FAC, Time Warner denies that it is, or ever acted as, a debt collector as to any debt owed by Plaintiff and denies that it undertook any attempts to collect a debt from Plaintiff. Time Warner denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph "37" of the FAC.

38. Time Warner denies the allegations of paragraph "38" of the FAC as to itself and denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "38" of the FAC as to TWC.

39. Time Warner denies the allegations of paragraph "39" of the FAC as to itself and denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "39" of the FAC as to TWC.

40. Time Warner denies the allegations of paragraph "40" of the FAC as to itself and denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "40" of the FAC as to TWC.

# THIRD CAUSE OF ACTION

## (VIOLATION OF CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CC 1788 et. seq.)

41. With respect to the reallegations contained in paragraph "41" of the FAC, Time Warner repeats and realleges each and every above denial and other response to the allegations contained in paragraphs designated "1" through "40" of the FAC as if fully set forth at length herein.

42. Paragraph "42" of the FAC contains a legal assertion that does not require an answer. To the extent a response is required, Time Warner denies that it has ever asserted that Plaintiff is obligated or allegedly obligated to pay any debt to it as alleged in the FAC. Time Warner otherwise denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph "42" of the FAC.

43. Time Warner denies the allegations of paragraph "43" of the FAC as to itself and denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "43" of the FAC as to TWC.

44. Time Warner denies the allegations of paragraph "44" of the FAC as to itself and denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "44" of the FAC as to TWC.

45. Time Warner denies the allegations of paragraph "45" of the FAC as to itself and denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "45" of the FAC as to TWC.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, because the FAC fails to state facts sufficient to constitute a cause of action upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's claims against Time Warner are barred, in whole or in part, because there is currently no justiciable claim or controversy.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches and/or unclean hands.

### FOURTH DEFENSE

Plaintiff's claims are barred to the extent Plaintiff seeks damages or other relief for actions outside the applicable statute of limitations.

### FIFTH DEFENSE

While Time Warner denies that its employees or agents acted in any manner that would constitute a violation of any laws, if any such violation occurred, it

occurred outside the scope of employment or agency and without the consent of Time Warner. Time Warner did not authorize, condone, ratify, or tolerate any illegal acts, but instead prohibited such acts, and such conduct may not be attributed to Time Warner through principles of agency, respondeat superior, or otherwise.

## SIXTH DEFENSE

Plaintiff failed to satisfy conditions precedent and necessary to maintaining the causes of action and claims against Time Warner alleged in the FAC.

## SEVENTH DEFENSE

Plaintiff's claims are barred to the extent that recovery from Time Warner would result in the unjust enrichment of Plaintiff.

## EIGHT DEFENSE

Plaintiff's claims are barred as against Time Warner to the extent Plaintiff failed to mitigate his damages, if any.

## NINTH DEFENSE

Plaintiff's claims against Time Warner are brought without probable cause, "in bad faith" and solely for purposes of harassing Time Warner.  As such, Time Warner Inc is entitled to an award of attorneys' fees from Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3) and any such other applicable statutes.

//

## TENTH DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff lacks Article III standing to proceed in this matter.

## ELEVENTH DEFENSE

The statutory damages Plaintiff seeks under the TCPA violate the standards guaranteed under the Fifth, Sixth, Eighth and Fourteenth Amendments of the U.S. Constitution because they constitute excessive fines and are disproportionate to the harm suffered, if any.

## RESERVATION OF RIGHTS TO ASSERT ADDITIONAL DEFENSES

Time Warner reserves the right to assert and rely upon other applicable defenses that may become available or apparent during discovery in this matter. Time Warner reserves the right to amend or seek to amend its answer and/or affirmative defenses.

## PRAYER FOR RELIEF

WHEREFORE, Time Warner respectfully demands the entry of judgment in its favor and against Plaintiffs as follows:

A. Dismissing the FAC in its entirety with prejudice;

B. Awarding Time Warner the costs of defending this action, including its attorneys' fees and expenses; and

C.   Granting Time Warner such other and further relief as the Court may deem just and proper.

Dated:  March 30, 2017                    LONDON FISCHER LLP

                                    By:   **/s/ Richard S. Endres**
                                          Richard S. Endres, Esq.
                                          *Attorney for Defendant*
                                          TIME WARNER INC.

*Proof of Service*
*James Poet*
*v.*
*Time Warner Inc., Time Warner Cable Inc.*
Central District of California – Western Division
Case No.: LA CV16 07930-DSF-AJWX

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and am not a party to the within action. My business address is 2505 McCabe Way, Suite 100, Irvine, California 92614.

On **March 30, 2017**, I served the foregoing document(s) entitled:

1  **DEFENDANT TIME WARNER INC.'S ANSWER TO FIRST AMENDED COMPLAINT**
2  **CERTIFICATION AND NOTICE OF INTERESTED PARTIES (F.R.Civ.P. 7.1, L.R. 7.1-1)**

was/were served on the interested parties in this action by placing: [ ] the original [X] a true copy thereof, to be delivered/addressed as follows:

**SEE ATTACHED SERVICE LIST**

[**X**]   **(BY U.S. MAIL)** I caused sealed envelope(s), with postage fully prepaid, to be placed in the U.S. Mail at Irvine, California.  I am readily familiar with the firm's practice for collection and processing of mail.  It is deposited with the U.S. Postal Service on the same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one (1) day after the date of deposit for mailing set forth in this affidavit, addressed as listed above.

**Executed on March 30, 2017, at Irvine, California.**

[**X**]   **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Jennifer Rodriguez
PRINT/TYPE NAME

{L0055103.1 } - 630.189 - Poet

|    |                                                                                                                                                                 |
|----|-----------------------------------------------------------------------------------------------------------------------------------------------------------------|
| 1  | <div align="center">***Proof of Service***<br>*James Poet*                                                                                                      |
| 2  | *v.*                                                                                                                                                            |
| 3  | *Time Warner Inc., Time Warner Cable Inc.*<br>Central District of California – Western Division                                                                 |
| 4  | Case No.: LA CV16 07930-DSF-AJWX</div>                                                                                                                          |
| 5  |                                                                                                                                                                 |
| 6  | James Poet<br>501 West Glenoaks Blvd., #727                                                                                                                     |
| 7  | Glendale, CA 91202<br>T: (626) 931-0789 (emergency cell)                                                                                                        |
| 8  | E-mail: Eadness1@yahoo.com                                                                                                                                      |
| 9  |                                                                                                                                                                 |
| 10 | *In Pro Per Plaintiff*                                                                                                                                          |
| 11 |                                                                                                                                                                 |
| 12 |                                                                                                                                                                 |
| 13 |                                                                                                                                                                 |
| 14 |                                                                                                                                                                 |
| 15 |                                                                                                                                                                 |
| 16 |                                                                                                                                                                 |
| 17 |                                                                                                                                                                 |
| 18 |                                                                                                                                                                 |
| 19 |                                                                                                                                                                 |
| 20 |                                                                                                                                                                 |
| 21 |                                                                                                                                                                 |
| 22 |                                                                                                                                                                 |
| 23 |                                                                                                                                                                 |
| 24 |                                                                                                                                                                 |
| 25 |                                                                                                                                                                 |
| 26 |                                                                                                                                                                 |
| 27 |                                                                                                                                                                 |
| 28 |                                                                                                                                                                 |

{L0055103.1 } - 630.189 - Poet