Abigail Stecker Romero (SBN 284534)
aromero@kcozlaw.com
KABAT CHAPMAN & OZMER LLP
10866 Wilshire Blvd., Suite 1650
Los Angeles, CA 90024
Telephone: (424) 292-8117
Facsimile: (404) 400-7333

Attorneys for Defendant Time Warner Cable Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES POET,<br><br>                    Plaintiff,<br><br>vs.<br><br>TIME WARNER INC. and TIME WARNER CABLE, INC.,<br><br>                    Defendants. | Case No.: 2:16-cv-07930-DSF-AJWx<br><br>Hon. Dale S. Fischer<br><br>FAC Filed: February 22, 2017<br><br>**DEFENDANT TIME WARNER CABLE INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO F.R.C.P. 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[*Proposed Order filed concurrently herewith*]<br><br><u>Hearing</u><br>Date:        June 26, 2017<br>Time:        1:30 p.m.<br>Location:   Courtroom 7D<br>                  First Street Courthouse<br>                  350 West 1st Street<br>                  Los Angeles, California |

**TO THE COURT AND TO ALL PARTIES HEREIN:**

PLEASE TAKE NOTICE that on Monday, June 26, 2017, at 1:30 p.m. in Court Room 7D of the above-captioned Court, located at 350 West 1st Street, Los Angeles, California, Defendant Time Warner Cable Inc. ("TWCI") will, and hereby does, move the Court for an Order dismissing the First Amended Complaint of Plaintiff James Poet ("Plaintiff") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. TWCI moves to dismiss the entirety of the First Amended Complaint on the grounds that Plaintiff has failed to plead the essential facts necessary to give TWCI notice of his claims because Plaintiff failed to specify which wrongful acts TWCI allegedly committed. TWCI also moves to dismiss Plaintiff's Fair Debt Collection Practices Act and California Rosenthal Fair Debt Collection Practices Act claims with prejudice because TWCI is not a "debtor collector," there was no underlying "consumer credit transaction," and Plaintiff is not a "debtor."

This Motion is based upon this Notice of Motion and Motion to Dismiss, Memorandum of Points and Authorities attached hereto, the complete file and record in this action, and such further and other matters as the Court may allow.

This motion is made following the conference of counsel and Plaintiff pursuant to L.R. 7-3 which took place on May 5, 2017.

Dated: May 12, 2017                    KABAT CHAPMAN & OZMER LLP


                                       By: */s/ Abigail Stecker Romero*
                                           ABIGAIL STECKER ROMERO

                                       Attorneys for Defendant Time Warner
                                       Cable Inc.

# I.    INTRODUCTION

Plaintiff James Poet ("Plaintiff") asserts claims against defendants Time Warner Inc. ("Time Warner") and Time Warner Cable Inc. ("TWCI," and collectively, "Defendants")—two entirely distinct and unrelated corporate entities—for violations of the Fair Debt Collection Act ("FDCPA"), California Rosenthal Fair Debt Collection Act ("Rosenthal Act"), and Telephone Consumer Protection Act ("TCPA").  In his First Amended Complaint ("FAC"), however, Plaintiff fails to state which defendant engaged in which allegedly wrongful act. As a result, Plaintiff's complaint fails to satisfy Federal Rule of Civil Procedure 8(a)'s notice requirement and he has failed to state claims under the FDCPA, the Rosenthal Act, and the TCPA.

Further, assuming that Plaintiff intended to allege that *TWCI* violated the FDCPA and the Rosenthal Act, those claims fail as a matter of law for several reasons.  First, Plaintiff does not and cannot state a claim for violation of the FDCPA because TWCI, a telecommunications company, is not a "debt collector" and therefore not subject to the FDCPA.  Second, Plaintiff does not and cannot state a claim for violation of the Rosenthal Act because the underlying debt did not arise from a "consumer credit transaction" and therefore does not fall within the scope of the Act.  Third, both claims fail for the additional reason that Plaintiff does not and cannot allege that he is a "debtor" under either statute.

Accordingly, the Court should dismiss Plaintiff's FDCPA and Rosenthal Act claims with prejudice as to TWCI.  The Court should also dismiss Plaintiff's remaining allegations and require Plaintiff to either: (a) replead them to distinguish between the actions allegedly committed by each defendant; or (b) dismiss the improperly-sued defendant, to the extent Plaintiff contends only one defendant committed the actions alleged in the complaint.

## II.   BACKGROUND

On October 25, 2016, Plaintiff filed a Complaint in this action, which did not name TWCI as a defendant.  (D.E. 1.)  On February 22, 2017, Plaintiff filed a FAC, which named TWCI as a defendant.  (*See generally* D.E. 11 ("FAC").)  In the FAC, Plaintiff contends that "Defendants" violated the TCPA, FDCPA, and Rosenthal Act by calling and texting him to in an attempt to reach "Patricia Rodriguez" to "collect a past due balance" owed to Defendants.  (*Id.* ¶¶ 12–23.) Plaintiff does not distinguish between Defendants or otherwise specify which defendant engaged in which action.  (*See generally id.*)  TWCI now moves to dismiss Plaintiff's FAC on the grounds that Plaintiff did not provide sufficient notice to TWCI as to the specific wrongful acts TWCI allegedly took and, even if all allegations are directed at TWCI, Plaintiff does not and cannot state claims for violation of the FDCPA and Rosenthal Act.

## III.   STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  This "plausibility standard" requires a plaintiff to plead "more than a sheer possibility that a defendant has acted unlawfully.  *Id.* (citing *Twombly*, 550 U.S. at 56–57.)  In addition, though "factual allegations are taken as true," "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (citations omitted); *accord Associated Gen. Contractors of Am. v. Metro, Water Dist.*, 159 F.3d 1178, 1181 (9th Cir. 1998).  Dismissal with prejudice is appropriate when the complaint cannot "be saved by amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

## IV.    ARGUMENT

**A.    Plaintiff Fails to State Claims for Violation of the FDCPA, the Rosenthal Act, and the TCPA Because His Allegations Do Not Distinguish Between Defendants.**

To satisfy the notice pleading requirements contained in Rule 8(a), a plaintiff must specify in the complaint which defendant was responsible for each alleged wrongful act.  *See In re Sagent Technology, Inc.*, 278 F. Supp. 2d 1079, 1094 (N.D. Cal. 2003) ("the complaint fails to state a claim because plaintiffs do not indicate which individual defendant or defendants were responsible for which alleged wrongful act."); *Newman v. OneWest Bank, FSB*, No. EDCV 10-0064, 2010 WL 797188, at *5 (C.D. Cal. Mar. 5, 2010) ("Plaintiff's allegations fail to meet the basic pleading requirements of Rule 8(a) because they lump all of the defendants together").

Here, Plaintiff has improperly lumped Time Warner and TWCI together as one—alleging that "Defendants" both engaged in the exact same acts.  (*See generally* FAC.)  However, Time Warner and TWCI are separate corporate entities without any relationship or affiliation whatsoever and it is therefore unclear which defendant Plaintiff contends is liable for each alleged wrongful act.[1]  As a result, Plaintiff's FAC fails to satisfy Rule 8(a)'s notice requirements.  *See Iqbal*, 556 U.S. at 678 (plaintiff must plead "factual content that allows the court to draw the reasonable inference that *the defendant* is liable for the misconduct alleged.") (emphasis added); *Cauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) (holding allegation that "lumped" all defendants together failed to satisfy notice requirements); *Aaron v. Aguirre*, No. 06-CV-1451, 2007 WL 959083, at *16

---

[1] TWCI assumes that Plaintiff's allegations may be directedly solely at TWCI and that Time Warner was erroneously named as a defendant; however, without clarification in the underlying pleadings, TWCI cannot rely on that assumption.

BRIEF IN SUPPORT OF DEFENDANT TWC'S MOTION TO DISMISS

n.6 (S.D. Cal. Mar. 8, 2007) ("[U]ndifferentiated pleading against multiple defendants is improper.").  For this reason, the Court should dismiss the FAC in its entirety and, subject to the fatal deficiencies described below, require Plaintiff to (a) replead to distinguish between the actions allegedly committed by each defendant; or (b) dismiss the improperly-sued defendant, to the extent Plaintiff contends only one defendant committed the actions alleged in the FAC.

### B.    Plaintiff's FDCPA Claim Fails Because Plaintiff Does Not and Cannot Plead That TWCI Is a Debt Collector.

Plaintiff appears to contend[2] that TWCI violated the FDCPA when it contacted him regarding "a past due balance" that Ms. Rodriguez allegedly owed to TWCI.  However, the FDCPA only applies to "debt collectors," defined as "[1] any business the principal purpose of which is the collection of any debts, or [2] who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. §§ 1692a(6).  *See Izenberg v. ETS Srvs., LLC*, 589 F. Supp. 2d 1193, 1198 (C.D. Cal. 2008) ("To be held liable for violation of the FDCPA, a defendant must—as a threshold requirement—fall within the Act's definition of 'debt collector.'") (citation omitted).  Here, Plaintiff does not plead any facts that, if true, would establish that TWCI—a telecommunications company—satisfies either of these definitions of debt collector.  Nor could Plaintiff plead such facts in good faith and without contradicting the allegations in the FAC.  As a result, Plaintiff's FDCPA claim fails.

First, Plaintiff does not plead that the "principal purpose" of TWCI's business is debt collection.  (*See generally* FAC.)  Rather, Plaintiff alleges that TWCI "provided services" to a third party, Ms. Rodriguez, and that TWCI was

---

[2] From this point on, TWCI refers to the allegations Plaintiff made against "Defendants" as if those allegations were specifically directed toward TWCI.

1  calling Plaintiff regarding Ms. Rodriguez's past-due account.  (*Id.* ¶¶ 7–9, 12, 14,

2  21.)  Thus, Plaintiff's own allegations establish that the "principal purpose" of

3  TWCI's business is not debt collection.[3]  *See Schlegel v. Wells Fargo Bank, N.A.*,

4  720 F.3d 1204, 1208–09 ("The complaint fails to provide any factual basis from

5  which we could plausibly infer that the principal purpose of [Defendant's] business

6  is debt collection.  Rather, the complaint's factual matter, viewed in the light most

7  favorable to the [Plaintiffs], establishes only that debt collection is some part of

8  [Defendant's] business, which is insufficient to state a claim under the FDCPA.").

9       Second, Plaintiff does not plead that TWCI was collecting a debt "owed or

10  due or asserted to be owed or due another" when it allegedly called and texted the

11  subject number.  (*See generally* FAC.)  Rather, Plaintiff alleges that TWCI was

12  acting as a "creditor" collecting its *own* debt.  (*Id.* ¶¶ 7, 12.)  Thus, Plaintiff own

13  allegations are an admission that TWCI is not a "debt collector" under this

14  definition.  *See, e.g.*, *Lodge v. Kondaur Capital Corp.*, 750 F.3d 1263, 1273 (11th

15  Cir. 2014) ("The FDCPA's restrictions apply only to 'debt collectors.'");

16  *Montgomery v. Huntington Bank*, 346 F.3d 693, 698-699 (6th Cir. 2003)

17

18  _____

19  [3] Indeed, Plaintiff could not make such allegations in good faith, as TWCI is a
   telecommunications company that provides internet and cable services to its

20  subscribers—not a debt collector.  *See, e.g.*, *Clark v. Time Warner Cable*, 523 F.2d

21  1110, 1112 (9th Cir. 2008) ("Time Warner Cable ('TWC') is one of the largest
   cable operators in the United States"); *Miller v. Time Warner Cable Inc.*, No. 8:16-

22  cv-00329-CAS (ASx), 2016 WL 7471302, *1 (C.D. Cal. Dec. 27, 2016) ("TWC is
   a provider of cable and internet services."); *BroadbandiTV, Inc. v. Hawaiian*

23  *Telecom, Inc.*, No. 13-00504 ACK-RLP, 2015 WL 12776595, at *2 (D. Haw. Feb.

24  17, 2015) ("TWC is a cable television provider that serves customers nationwide");
   *Burton v. Time Warner Cable Inc.*, No. CV 12-06764 JGB AJWX, 2013 WL

25  3337784, *1 (C.D. Cal. Mar. 20, 2013) ("TWC provides cable television, DVR,

26  and digital phone services."); *Hood v. Time Warner Cable LLC*, No. SACV 08-
   0583 AG (JWJx), 2009 WL 1202561, *1 (C.D. Cal. Apr. 30, 2009) ("TWC

27  provides cable television, high speed Internet, and digital telephone services to

28  customers across the country").

1  ("[Defendant] was an actual, original, consumer creditor of [Plaintiff's] mother

2  collecting its account, and, as such, was exempted from the statutory definition of a

3  'debt collector'"); *Police v. National Tax Funding, L.P.,* 225 F.3d 379, 403 (3rd

4  Cir. 2000) ("The FDCPA's provisions generally apply only to 'debt collectors.'

5  Creditors - as opposed to 'debt collectors' - generally are not subject to the

6  FDCPA"); *Aubert v. American General Finance, Inc.,* 137 F.3d 976, 978 (7th Cir.

7  1998) (neither creditor nor affiliated companies subject to FDCPA).

8       Plaintiff cannot amend his complaint to remedy the deficiencies outlined

9  above, as any such amendment would necessarily contradict his existing

10  allegations that: (1) TWCI provided non-debt collection related services to Ms.

11  Rodriguez, and (2) TWCI was acting as a *creditor* (not debt collector) with respect

12  to those services.  Thus, Plaintiff's own allegations confirm that TWCI is not a

13  "debt collector" and Plaintiff's FDCPA claim should be dismissed with

14  prejudice.[4]  *See Reddy v. Litton Industries, Inc.,* 912 F.2d 291, 296–97 (9th Cir.

15  1990) (affirming dismissal with prejudice where "it would not be possible" for

16  plaintiff to amend without "contradicting any of the allegations of his original

17  complaint.").

18    **C.    Plaintiff's Rosenthal Act Claim Fails Because Plaintiff Does Not**

19         **and Cannot Plead That the Alleged Debt Arose From a**

20         **"Consumer Credit Transaction."**

21       Plaintiff's Rosenthal Act claim also fails as a matter of law because the

22  Rosenthal Act only regulates debt collection arising from "consumer credit

23  transactions," and Plaintiff does not and cannot allege that the collection activities

24  

25  _____

26  [4] In addition, certain of the calls listed in Exhibit A to Plaintiff's FAC fall outside
the one-year statute of limitations applicable to FDCPA claims.  *See* 15 U.S.C. §

27  1692k(d) (actions must be brought "within one year of the date on which the

28  violation occurs").

1  of which he complains arise from such a transaction.  Cal. Civ. Code § 1788.2(d).

2  Under the Rosenthal Act, a "consumer credit transaction means a transaction

3  between a natural person and another person in which property, services or money

4  is acquired on credit by that natural person from such other person primarily for

5  personal, family, or household purposes."  Cal. Civ. Code § 1788.2(e).  In other

6  words, a consumer credit transaction occurs "where a person *acquires* property or

7  services *on credit*."  *Gouskos v. Aptos Vill. Garage*, 94 Cal. App. 4th 754, 759

8  (Cal. Ct. App. 2001) (emphasis in original).[5]

9       Here, Plaintiff alleges no facts that support a plausible inference that the debt

10  at issue arose from a "consumer credit transaction."[6]  (*See generally* FAC.)

11  Instead, Paragraph 44 of his FAC reads: "[t]he account in question is a consumer

12  credit transaction ad [sic] defined by Cal. Civ. §1788.2(e) as Plaintiff has allegedly

13  received property, services or money from the Defendants on an extension of

14  credit[.]"  (*Id.* ¶ 44.)  However, Paragraph 44 is also contradicted by Plaintiff's

15  own factual allegations elsewhere in the FAC, wherein Plaintiff denies having any

16  relationship whatsoever with TWCI—let alone receiving "property, services, or

17  money from the Defendants."  (*Compare* FAC ¶¶ 7–26 *with* FAC ¶ 44.)  As such,

18  

19  [5] *See also See Durham v. Continental Cent. Credit*, No. 07cv1763, 2009 WL

20  3416114 (S.D. Cal. Oct. 20, 2009) (monthly homeowners association assessments
    not a consumer credit transaction; installment payments for assessments not a

21  credit transaction); *Abels v. JBC Legal Group, P.C.*, 428 F. Supp. 2d 1023 (N.D.
    Cal. 2005) (rejecting argument that a "deferred" payment creates a credit

22  transaction); *Udo v. Kelkris Assocs., Inc.*, No. 12–CV–2022, 2012 WL 5985663

23  (S.D. Cal. Nov. 29, 2012) (unpaid towing and vehicle storage not a credit
    transaction); *Sanai v. U.D. Registry, Inc.*, No. B170618, 2005 WL 361327 (Cal. Ct.

24  App. Feb. 16, 2005) (month-to-month tenancy is not a consumer credit transaction

25  even when renter failed to pay the total amount owing).

26  [6] Once again, nor can Plaintiff make such allegations in good faith, as TWCI is a

27  telecommunications company that provides internet and cable services to its
    subscribers—not a credit card or lending company.  *See supra* n. 1.

28  

BRIEF IN SUPPORT OF DEFENDANT TWC'S MOTION TO DISMISS

Paragraph 44 is not only false, it is a threadbare recital of the statute that is completely untethered to Plaintiff's allegations and cannot support his Rosenthal Act claim. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Accordingly, Plaintiff has failed to and cannot state a claim for violation of the Rosenthal Act and the Court should also dismiss that claim with prejudice.[7]

### D. Plaintiff's FDCPA and Rosenthal Act Claims Also Fail Because Plaintiff Does Not and Cannot Plead That He Actually or Allegedly Owes the Debt at Issue.

Plaintiff's FDCPA and Rosenthal Act claims also fail as a matter of law because only persons who actually or allegedly owe a debt may bring such claims. *See* 15 U.S.C. § 1692a(3) (a "consumer" is "any natural person obligated or allegedly obligated to pay any debt."); Cal. Civ. Code § 1788.2 (a "debtor" is a "natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing from such person.").

Here, Plaintiff expressly and repeatedly denies owing or allegedly owing any debt to TWCI and maintains that TWCI was attempting to contact Ms. Rodriguez regarding *her* alleged debt. (*Id.* ¶¶ 8, 12, 15, 21.) Similarly, Plaintiff does not claim that TWCI ever contended that *Plaintiff* owed the debt. (*See generally id.*) Thus, Plaintiff does not have standing to pursue a FDCPA or a Rosenthal Act claim against TWCI. *See Sanchez v. Client Servs., Inc.*, 520 F. Supp. 2d 1149, 1155 n.3 (N.D. Cal. 2007) (holding that daughter of debtor had "no standing to assert violations under the state and federal fair debt collection practices acts"

_____

[7] In addition, certain of the calls listed in Exhibit A to Plaintiff's FAC fall outside the one-year statute of limitations applicable to Rosenthal Act claims. *See* California Civil Code § 1788.30(f) ("Any action under this section may be brought in any appropriate court of competent jurisdiction...within one year from the date of occurrence of the violation.").

because she "did not owe the debt or was otherwise obligated to pay the debt.");
*Inzerillo v. Green Tee Srvs.*, No. 2014 WL 6660534, 2014 WL 6660534, at \*6
(N.D. Cal. Nov. 24, 2014) (holding that parents of debtor lacked standing to sue
under the Rosenthal Act); *see also People v. Persolve, LLC*, 218 Cal. App. 4th at
1272 n.1 ("[o]nly the person who owes the debt or is otherwise obligated to pay the
debt has standing to assert violations under the [Rosenthal Act] and the
[FDCPA].").

Once again, Plaintiff cannot amend his allegations to remedy these fatal
deficiencies, as he would have to entirely change his allegations and contradict his
FAC in order to do so, which he cannot as a matter of law.  *See Reddy*, 912 F.2d at
296–97 (affirming dismissal with prejudice where "it would not be possible" for
plaintiff to "amend his complaint without "contradicting any of the allegations of
his original complaint.").  Accordingly, Plaintiff's FDCPA and Rosenthal Act
claims fail for this additional reason and should be dismissed with prejudice.

## V.    CONCLUSION

For the foregoing reasons, TWCI requests the Court dismiss Plaintiff's
FDCPA and Rosenthal Act claims with prejudice, dismiss the remainder of the
FAC without prejudice and require Plaintiff to specify which defendant committed
each allegedly wrongful act and dismiss wrongfully-named defendants, and award
any other relief that justice requires.

Dated:  May 12, 2017                            KABAT CHAPMAN & OZMER LLP


By: */s/ Abigail Stecker Romero*
ABIGAIL STECKER ROMERO

Attorneys for Defendant Time Warner
Cable Inc.

# PROOF OF SERVICE

## U.S. DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

I am employed in the County of Fulton, State of Georgia; I am over the age of 18 and not a party to the within action; my business address is 171 17th Street NW, Suite 1550, Atlanta, Georgia 30363.

On May 12, 2017, I served the foregoing document(s) described as **DEFENDANT TIME WARNER CABLE INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO F.R.C.P. 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties to this action by delivering a copy thereof in a sealed envelope addressed to each of said interested parties at the following address(es): SEE ATTACHED LIST

☒   **(BY MAIL)** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service.  This correspondence shall be deposited with the United States Postal Service this same day in Atlanta, Georgia.  Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☒   **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed document(s) on the individual(s) listed on the attached mailing list.

☒   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury that the above is true and correct.

Executed on May 12, 2017, at Atlanta, Georgia.

*/s/ Abigail Stecker Romero*
Abigail Stecker Romero

# SERVICE LIST

James Poet (via mail)
501 West Glenoaks Blvd. #727
Glendale, California 91202

*Plaintiff, Pro Se*

Richard S. Endres (via ECF)
London Fischer LLP
2505 McCabe Way, Suite 100
Irvine, CA 92614

*Attorneys for Defendant Time Warner Inc.*

ii