UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| Case No. | CV 16-7930 DSF (AJWx) | Date | 7/6/17 |
|---|---|---|---|
| Title | James Poet v. Time Warner, Inc., et al. | | |

DALE S. FISCHER, United States District Judge

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff | Attorneys Present for Defendants |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order GRANTING IN PART Defendant Time Warner Cable, Inc.'s Motion to Dismiss First Amended Complaint (Dkt. 23)

Defendant Time Warner Cable, Inc. moves to dismiss Plaintiff James Poet's First Amended Complaint for failure to state a claim. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. For the following reasons, the Court GRANTS the motion in part.

## I.  BACKGROUND

Poet - acting *pro se* - filed the present first amended complaint against Defendants Time Warner Inc. (TW) and Time Warner Cable, Inc. (TWC) for violations of the Telephone Consumer Protection Act (TCPA), Fair Debt Collection Practices Act (FDCPA), and Rosenthal Act. Poet alleges that Defendants called him on his emergency cell phone number regarding a past due balance owed by Patricia Rodriguez. First Am. Compl. (FAC) ¶ 12. He informed the caller that this was his emergency number, he did not know Ms. Rodriguez, and he did not owe Defendants any debt. Id. ¶ 13. Further, he instructed Defendants not to call him again. See id. Poet alleges he "has no prior or present established relationship with the Defendants [and] . . . no contractual obligations to pay Defendants." Id. ¶¶ 11, 15. Nor has he ever "given Defendants [his] cell phone

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

number." Id. ¶ 16. Defendants proceeded to then call and text Poet a multitude of times from October 2015 to October 2016. See id. ¶ 19. The calls were made by an automated system that would instruct Poet to "[p]ress one" if he was Patricia Rodriguez. See id. ¶ 21.

## II.    LEGAL STANDARD

"Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (ellipsis in original; internal quotation marks omitted). But Rule 8 "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Federal Rule of Civil Procedure 12(b)(6) allows an attack on the pleadings for failure to state a claim upon which relief can be granted. "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson, 551 U.S. at 94. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Id. (citation and internal quotation marks omitted). However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." Id. (alteration in original; citation and internal quotation marks omitted). A complaint must "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. This means that the complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

Ruling on a motion to dismiss will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." Id. at 679 (alteration in original; internal quotation marks and citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

Leave to amend should be granted even if the plaintiff did not request leave, unless it is clear that the complaint cannot be cured by the allegation of different or additional facts. Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995). In determining whether to grant leave to amend a complaint, a district court is guided by Rule 15(a), which states that "leave shall be freely given when justice so requires." Allen v. City of Beverly Hills, 911 F.2d 367, 343 (9th Cir. 1990) (internal quotation marks omitted).

### III.  DISCUSSION

TWC moved to dismiss Poet's TCPA claim because Poet failed to distinguish between TW and TWC in his FAC. Thereafter, the parties stipulated to dismiss TW. Dkt. 28. TWC - in its reply - seeks dismissal of only Poet's FDCPA and Rosenthal Act claims. Reply at 1. The Court therefore denies as moot TWC's motion for Poet's TCPA claim.

The Court addresses first TWC's statutory standing arguments. TWC contends that Poet lacks standing to sue under the FDCPA and Rosenthal Act because he does not owe any debt to TWC. Mot. at 8-9. The Eighth Circuit - focusing on the "allegedly obligated to pay any debt" part of the section 1692a(3) "consumer" definition - held that a plaintiff may sue under the FDCPA even where he was mistakenly contacted by a defendant regarding the collection of another person's debt. Dunham v. Portfolio Recovery Assocs., LLC, 663 F.3d 997, 1002 (8th Cir. 2011). The Ninth Circuit has not addressed this issue, but several district courts in this Circuit have found the reasoning in Dunham persuasive. E.g., Davis v. Midland Funding, LLC, 41 F. Supp. 3d 919, 924 (E.D. Cal. Aug. 7, 2014). The Court joins these courts and finds that because Poet has pleaded that TWC attempted to collect from Poet the debt at issue, Poet has standing to sue under the FDCPA. The Court finds Poet also has standing to sue under the Rosenthal Act considering that section 1788.17 of the Rosenthal Act requires compliance with the FDCPA.[1]

---

[1] In People v. Persolve, LLC, where the State of California brought claims on behalf of California debtors, a California Court of Appeal noted in passing that "[o]nly the person who owes the debt or is otherwise obligated to pay the debt has standing to assert violations under the [Rosenthal] Act." 218 Cal. App. 4th 1267, 1272 n.1 (2013). But the issue of standing was not on appeal; the court reversed the trial court's sustaining of a demurrer on the grounds of litigation privilege. Id. at 1277.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

TWC contends the FDCPA claim fails because Poet has failed to allege TWC is a debt collector under the FDCPA. Poet brings FDCPA claims against TWC under sections 1692e and 1692g of the FDCPA. These provisions subject "debt collectors" to civil damages for engaging in certain abusive practices while attempting to collect debts. The statute's general definition of "debt collector" captures any entity that "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due [to] another." § 1692a(6). But Poet has pleaded that TWC called regarding Ms. Rodriguez's past due balance "owed to them." Poet's allegations thus make clear that TWC is not a debt collector.[2] The Court dismisses Poet's FDCPA claim with prejudice.

TWC argues that the Rosenthal Act claim fails because Poet has failed to plead that the debt at issue arose from a "consumer credit transaction."[3] Mot. at 6-8. The Rosenthal Act governs the collection of "consumer debts" by "debt collectors." Cal. Civ. Code §§ 1788.2(c), 1788.2(f). "Consumer debt" is defined as "money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction." Id. § 1788.2(f). A "consumer credit transaction," in turn, is defined as "a transaction between a natural person and another person in which property, services or money is acquired on credit by that natural person from such other person primarily for personal, family, or household purposes." Id. § 1788.2(e). Although Poet alleges no facts to indicate the debt of Ms. Rodriguez, whom he does not know, arose from a "consumer credit transaction," it is unclear how he could do so without discovery. See Arista Records LLC v. Doe 3, 604 F.3d 110, 120 (2d Cir. 2010) (a plaintiff may plead facts on information and belief "where the facts are peculiarly within the possession and control of the defendant").

California courts have not addressed whether a plaintiff who has been mistakenly contacted by a debt collector must plead facts showing a consumer credit transaction to state a Rosenthal Act claim. Federal courts presented with similar circumstances have

---

[2] The Supreme Court has recently instructed that entities that purchase debt originated by others and then collect on that debt are not debt collectors under the FDCPA. Henson v. Santander Consumer USA Inc., 137 S. Ct. 1718, 1721, 1726 (2017)

[3] Unlike the FDCPA, the Rosenthal Act more broadly defines "debt collector" to include persons who collect debt on their own behalf. Cal. Civ. Code § 1788.2(c).

held that such allegations are not required to state an FDCPA claim.[4]  See, e.g., Davis v. Midland Funding, LLC, 41 F. Supp. 3d at 925-27; Corson v. Accounts Receivable Mgmt., Inc., No. CIV.A. 13-01903-JEI-AMD, 2013 WL 4047577, at *3-4 (D.N.J. Aug. 9, 2013); Brown v. Palisades Collection, LLC, No. 1:11-CV-00445-JMS, 2011 WL 2532909, at *2 (S.D. Ind. June 24, 2011).  Considering Poet is acting *pro se* and the facts pertaining to the debt are within TWC's control, the Court finds Poet's allegations sufficient to state a Rosenthal Act claim.  The Court is not convinced the California Supreme Court would hold otherwise. TWC's motion to dismiss the Rosenthal Act claim is denied.

## IV.   CONCLUSION

TWC's motion to dismiss for failure to state a claim is GRANTED IN PART.

IT IS SO ORDERED.

---

[4] To recover under either the FDCPA or Rosenthal Act, a plaintiff must show that the debt-at-issue arose from a transaction in which the property or services were for "personal, family or household purposes." See 15 U.S.C. § 1692a(5); Cal. Civ. Code § 1788.2(e).