Kristapor Vartanian (SBN 275378)
kvartanian@kcozlaw.com
Abigail Stecker Romero (SBN 284534)
aromero@kcozlaw.com
KABAT CHAPMAN & OZMER LLP
515 S. Flower Street, 36th Floor
Los Angeles, CA 90071
Telephone: (213) 493-3980
Facsimile: (404) 400-7333

Attorneys for Defendant Time Warner Cable Inc.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES POET, | Case No.:  2:16-cv-07930-DSF-AJWx |
| Plaintiff, | Hon. Dale S. Fischer |
| vs. | FAC Filed:  February 22, 2017 |
| TIME WARNER INC. and TIME WARNER CABLE, INC., | **DEFENDANT TIME WARNER CABLE INC.'S ANSWER AND AFFIRMATIVE DEFENSES** |
| Defendants. | |

Defendant Time Warner Cable Inc. ("TWCI" or "Defendant"),[1] by and through its undersigned counsel, hereby submits its Answer and Affirmative Defenses to Plaintiff James Poet's ("Plaintiff") First Amended Complaint for Damages ("FAC") as follows:

## COMPLAINT PRELIMINARY STATEMENT[2]

In response to unnumbered paragraph 1 (on p. 1 of the FAC), Defendant admits that Plaintiff purports to bring a suit against Defendant for alleged violations of the Telephone Consumer Protection Act ("TCPA") and California Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"). Plaintiff's FAC also includes Time Warner Inc. ("TWI") as a defendant, who was previously dismissed from this action, as well as a claim under the Fair Debt Collection Practices Act ("FDCPA"), which was previously dismissed by this Court. Defendant denies Plaintiff's claims. Except as expressly admitted herein, Defendant denies the allegations in unnumbered paragraph 1.

In response to unnumbered paragraph 2 (on pp. 1-2 of the FAC), Defendant admits that Plaintiff brings a suit against Defendant for purported violations of the TCPA and Rosenthal Act. Plaintiff's FAC also includes TWI as a defendant, who was previously dismissed from this action, as well as a claim under the FDCPA, which was previously dismissed by this Court. Defendant denies Plaintiff's claims, and specifically denies that Plaintiff is entitled to any damages. Except as expressly admitted herein, Defendant denies the allegations contained in unnumbered paragraph 2.

---

[1] In 2016, TWCI was merged out of existence into Spectrum Management Holding Company, LLC ("Spectrum"), an indirect subsidiary of Charter Communications, Inc. ("Charter").

[2] For the Court's convenience, Defendant has incorporated the "headings" that appear in the FAC. However, Defendant does not necessarily agree with or otherwise admit the characterizations of such headings, and does not waive any right to object to those characterizations.

-1-

In response to unnumbered paragraph 3 (on p. 2 of the FAC), Defendant denies the allegations as to itself.  Defendant further states that TWI was dismissed from this lawsuit and Defendant has no obligation to respond to the allegations related to TWI. To the extent Defendant has any obligation to respond, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations relating to TWI, and thus, denies the allegations on that basis.

## JURISDICTION AND VENUE

1.     The allegations in paragraph 1 state legal conclusions to which no response is required.  Further, the statutes referenced in paragraph 1 speak for themselves and are the best evidence of their content.  To the extent a response is required, Defendant denies the allegations in paragraph 1 as to itself.  Defendant further states that TWI was dismissed from this lawsuit and Defendant has no obligation to respond to the allegations related to TWI.  To the extent Defendant has any obligation to respond, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations relating to TWI, and thus, denies the allegations on that basis.

2.     The allegations in paragraph 2 state legal conclusions to which no response is required.  Further, the statutes referenced in paragraph 2 speak for themselves and are the best evidence of their content.  To the extent a response is required, Defendant denies the allegations in paragraph 2 as to itself.  Defendant further states that TWI was dismissed from this lawsuit and Defendant has no obligation to respond to the allegations related to TWI.  To the extent Defendant has any obligation to respond, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations relating to TWI, and thus, denies the allegations on that basis.

## PARTIES

3.     Defendant admits that Plaintiff is a person.  Defendant is without information or knowledge sufficient to form a belief as to the remaining allegation,

-2-

1 | and thus, denies the remaining allegation on that basis.

2 |     4.     TWI was dismissed from this lawsuit and is no longer a defendant, thus
3 | Defendant has no obligation to respond to paragraph 4.  To the extent Defendant has
4 | any obligation to respond, Defendant is without information or knowledge sufficient
5 | to form a belief as to the truth of the allegations, and thus, denies the allegations on
6 | that basis.

7 |     5.     Defendant denies the allegations in paragraph 5.

8 |     6.     Paragraph 6 of the FAC is blank, thus there are no factual allegations for
9 | Defendant to respond to.

10 | **FACTUAL ALLEGATIONS**

11 |     7.     The allegations in paragraph 7 constitute legal conclusions to which no
12 | response is required.  To the extent a response is required, Defendant denies the
13 | allegations in paragraph 7 as to itself.  Defendant further states that TWI was
14 | dismissed from this lawsuit and Defendant has no obligation to respond to the
15 | allegations related to TWI.  To the extent Defendant has any obligation to respond,
16 | Defendant is without information or knowledge sufficient to form a belief as to the
17 | truth of the allegations relating to TWI, and thus, denies the allegations on that basis.

18 |     8.     The allegations in paragraph 8 constitute legal conclusions to which no
19 | response is required.  Further, the statute referenced in paragraph 8 speaks for itself
20 | and is the best evidence of its content.  To the extent a response is required, and
21 | except as expressly stated, Defendant denies the allegations in paragraph 8 as to itself.
22 | Defendant further states that TWI was dismissed from this lawsuit and Defendant has
23 | no obligation to respond to the allegations related to TWI.  To the extent Defendant
24 | has any obligation to respond, Defendant is without information or knowledge
25 | sufficient to form a belief as to the truth of the allegations relating to TWI, and thus,
26 | denies the allegations on that basis.

27 |     9.     The allegations in paragraph 9 constitute legal conclusions to which no
28 | response is required.  To the extent a response is required, Defendant denies the

-3-

allegations in paragraph 9 as to itself.  Defendant further states that TWI was dismissed from this lawsuit and Defendant has no obligation to respond to the allegations related to TWI.  To the extent Defendant has any obligation to respond, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations relating to TWI, and thus, denies the allegations on that basis.

10.    The allegations in paragraph 10 constitute legal conclusions to which no response is required.  Further, the statute referenced in paragraph 10 speaks for itself and is the best evidence of its content.  To the extent a response is required, and except as expressly stated, Defendant denies the allegations in paragraph 10 as to itself.  Defendant further states that TWI was dismissed from this lawsuit and Defendant has no obligation to respond to the allegations related to TWI.  To the extent Defendant has any obligation to respond, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations relating to TWI, and thus, denies the allegations on that basis.

11.    The allegations in paragraph 11 constitute legal conclusions to which no response is required.  To the extent a response is required, and except as expressly stated, Defendant denies the allegations in paragraph 11 as to itself.  Defendant further states that TWI was dismissed from this lawsuit and Defendant has no obligation to respond to the allegations related to TWI.  To the extent Defendant has any obligation to respond, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations relating to TWI, and thus, denies the allegations on that basis.

12.    Defendant admits that a Time Warner Cable affiliate contacted the subject telephone number regarding a customer's account.  Except as expressly admitted, Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 12, and thus, denies the allegations on that basis.

13.    Defendant denies the allegations in paragraph 13 as to itself.  Defendant

-4-

further states that TWI was dismissed from this lawsuit and Defendant has no obligation to respond to the allegations related to TWI.  To the extent Defendant has any obligation to respond, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations relating to TWI, and thus, denies the allegations on that basis.

14.     Defendant denies the allegations in paragraph 14 as to itself.  Defendant further states that TWI was dismissed from this lawsuit and Defendant has no obligation to respond to the allegations related to TWI.  To the extent Defendant has any obligation to respond, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations relating to TWI, and thus, denies the allegations on that basis.

15.     The allegations in paragraph 15 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations, and thus, denies the allegations on that basis.

16.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 16, and thus, denies the allegations on that basis.

17.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 17, and thus, denies the allegations on that basis.

18.     Plaintiff's FDCPA claim was dismissed with prejudice, thus, there is no obligation for Defendant to respond to this paragraph.  Further, the allegations in paragraph 18 constitute legal conclusions to which no response is required.  Also, the statute referenced in paragraph 18 speaks for itself and is the best evidence of its content.  To the extent a response is required, and except as expressly stated, Defendant denies the allegations in paragraph 18 as to itself.  Defendant further states that TWI was dismissed from this lawsuit and Defendant has no obligation to respond

DEF.'S ANSWER & AFFIRM. DEFENSES TO FAC

to the allegations related to TWI.  To the extent Defendant has any obligation to respond, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations relating to TWI, and thus, denies the allegations on that basis.

19.   Defendant is without information or knowledge sufficient to form a belief as to the authenticity of the exhibit referenced in paragraph 19, and thus, denies the allegations therein on that basis.  Defendant denies the remaining allegations in paragraph 19 as to itself.  Defendant further states that TWI was dismissed from this lawsuit and Defendant has no obligation to respond to the allegations related to TWI. To the extent Defendant has any obligation to respond, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations relating to TWI, and thus, denies the allegations on that basis.

20.   The allegations in paragraph 20 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 20 as to itself.  Defendant further states that TWI was dismissed from this lawsuit and Defendant has no obligation to respond to the allegations related to TWI.  To the extent Defendant has any obligation to respond, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations relating to TWI, and thus, denies the allegations on that basis.

21.   The allegations in paragraph 21 relating to purported damages and purported violation of the TCPA are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 21.  Except as expressly stated, Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 21, and thus, denies on that basis.

22.   In response to paragraph 22, Defendant states that the referenced letter and receipt number speak for themselves and deny any allegations inconsistent therewith.  Further, Defendant is without information or knowledge sufficient to form

-6-

a belief as to the truth of Plaintiff's purported assumptions and purported mailing, and thus, denies those allegations on that basis.  Defendant denies the remaining allegations in paragraph 22 as to itself.  Defendant further states that TWI was dismissed from this lawsuit and Defendant has no obligation to respond to the allegations related to TWI.  To the extent Defendant has any obligation to respond, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations relating to TWI, and thus, denies the allegations on that basis.

23.     Defendant denies the allegations in paragraph 23 as to itself.  Defendant further states that TWI was dismissed from this lawsuit and Defendant has no obligation to respond to the allegations related to TWI.  To the extent Defendant has any obligation to respond, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations relating to TWI, and thus, denies the allegations on that basis.

24.     The allegations in paragraph 24 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 24 as to itself.  Defendant further states that TWI was dismissed from this lawsuit and Defendant has no obligation to respond to the allegations related to TWI.  To the extent Defendant has any obligation to respond, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations relating to TWI, and thus, denies the allegations on that basis.

25.     The allegations in paragraph 25 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies that it is a "debt collector" or that it had any obligation to identify itself as such (as this Court previously found).  Defendant further states that TWI was dismissed from this lawsuit and Defendant has no obligation to respond to the allegations related to TWI.  To the extent Defendant has any obligation to respond, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations relating to TWI, and thus, denies the allegations on that basis.

DEF.'S ANSWER & AFFIRM. DEFENSES TO FAC

26.     Defendant denies the allegations in paragraph 26 as to itself.  Defendant further states that TWI was dismissed from this lawsuit and Defendant has no obligation to respond to the allegations related to TWI.  To the extent Defendant has any obligation to respond, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations relating to TWI, and thus, denies the allegations on that basis.

27.     The allegation in paragraph 27 constitutes a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegation in paragraph 27.

## FIRST CAUSE OF ACTION

**VIOLATIONS OF THE TELEPHONE COMMUNICATIONS ACT 47 U.S.C. §227(b)(1)(A) AND §227(b)(1)(A)(iii) BY DEFENDANTS ("TW") AND ("TWC")**

28.     In response to paragraph 28, Defendant hereby restates and incorporates its above responses to paragraphs 1 through 27 of the FAC as if set forth fully herein.

29.     Defendant denies the allegations in paragraph 29 as to itself.  Defendant further states that TWI was dismissed from this lawsuit and Defendant has no obligation to respond to the allegations related to TWI.  To the extent Defendant has any obligation to respond, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations relating to TWI, and thus, denies the allegations on that basis.

30.     Defendant denies the allegations in paragraph 30 as to itself.  Defendant further states that TWI was dismissed from this lawsuit and Defendant has no obligation to respond to the allegations related to TWI.  To the extent Defendant has any obligation to respond, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations relating to TWI, and thus, denies the allegations on that basis.

31.     Defendant denies the allegations in paragraph 31 as to itself.  Defendant

-8-

1   further states that TWI was dismissed from this lawsuit and Defendant has no

2   obligation to respond to the allegations related to TWI.  To the extent Defendant has

3   any obligation to respond, Defendant is without information or knowledge sufficient

4   to form a belief as to the truth of the allegations relating to TWI, and thus, denies the

5   allegations on that basis.

6          32.    The allegations in paragraph 32 constitute legal conclusions to which no

7   response is required.  To the extent a response is required, Defendant states that the

8   statute governing any damages amounts speaks for itself and is the best evidence of

9   its content.  Except as expressly stated, Defendant denies the remaining allegations in

10  paragraph 32.

11         33.    The allegations in paragraph 33 constitute legal conclusions to which no

12  response is required.  To the extent a response is required, Defendant denies the

13  allegations as to itself.  Defendant further states that TWI was dismissed from this

14  lawsuit and Defendant has no obligation to respond to the allegations related to TWI.

15  To the extent Defendant has any obligation to respond, Defendant is without

16  information or knowledge sufficient to form a belief as to the truth of the allegations

17  relating to TWI, and thus, denies the allegations on that basis.

18         34.    The allegations in paragraph 34 constitute legal conclusions to which no

19  response is required.  To the extent a response is required, Defendant denies the

20  allegations as to itself.  Defendant further states that TWI was dismissed from this

21  lawsuit and Defendant has no obligation to respond to the allegations related to TWI.

22  To the extent Defendant has any obligation to respond, Defendant is without

23  information or knowledge sufficient to form a belief as to the truth of the allegations

24  relating to TWI, and thus, denies the allegations on that basis.

25         In response to the unnumbered "WHEREFORE" paragraph on page 8 of the

26  FAC, Defendant admits that Plaintiff seeks purported damages.  Defendant denies

27  Plaintiff's remaining allegations as to itself in the unnumbered "WHEREFORE"

28  paragraph, and specifically denies (i) Plaintiff's claims in the instant lawsuit and (ii)

-9-

that Plaintiff is entitled to any damages.  Defendant further states that TWI was dismissed from this lawsuit and Defendant has no obligation to respond to the remaining allegations related to TWI.  To the extent Defendant has any obligation to respond, Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations relating to TWI, and thus, denies the remaining allegations on that basis.

## SECOND CAUSE OF ACTION

## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 et seq. BY DEFENDANTS ("TW") AND ("TWC")

35.    Plaintiff's FDCPA claim was dismissed with prejudice, thus, there is no obligation for Defendant to respond to this paragraph.

36.    Plaintiff's FDCPA claim was dismissed with prejudice, thus, there is no obligation for Defendant to respond to this paragraph.

37.    Plaintiff's FDCPA claim was dismissed with prejudice, thus, there is no obligation for Defendant to respond to this paragraph.

38.    Plaintiff's FDCPA claim was dismissed with prejudice, thus, there is no obligation for Defendant to respond to this paragraph.

39.    Plaintiff's FDCPA claim was dismissed with prejudice, thus, there is no obligation for Defendant to respond to this paragraph.

40.    Plaintiff's FDCPA claim was dismissed with prejudice, thus, there is no obligation for Defendant to respond to this paragraph.

Plaintiff's FDCPA claim was dismissed with prejudice, thus, there is no obligation for Defendant to respond to the unnumbered "WHEREFORE" paragraph on page 9 of the FAC.

## THIRD CAUSE OF ACTION

## VIOLATIONS OF CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CC 1788 et seq. BY DEFENDANTS ("TW") AND ("TWC")

41.    In response to paragraph 41, Defendant hereby restates and incorporates

-10-

1   its above responses to paragraphs 1 through 40 of the FAC as if set forth fully herein.

2       42.    The allegations in paragraph 42 constitute legal conclusions to which no

3   response is required.  To the extent a response is required, Defendant denies the

4   allegations.

5       43.    The allegations in paragraph 43 constitute legal conclusions to which no

6   response is required.  To the extent a response is required, Defendant denies the

7   allegations as to itself.  Defendant further states that TWI was dismissed from this

8   lawsuit and Defendant has no obligation to respond to the allegations related to TWI.

9   To the extent Defendant has any obligation to respond, Defendant is without

10   information or knowledge sufficient to form a belief as to the truth of the allegations

11   relating to TWI, and thus, denies the allegations on that basis.

12       44.    The allegations in paragraph 44 constitute legal conclusions to which no

13   response is required.  To the extent a response is required, Defendant denies the

14   allegations as to itself.  Defendant further states that TWI was dismissed from this

15   lawsuit and Defendant has no obligation to respond to the allegations related to TWI.

16   To the extent Defendant has any obligation to respond, Defendant is without

17   information or knowledge sufficient to form a belief as to the truth of the allegations

18   relating to TWI, and thus, denies the allegations on that basis.

19       45.    Defendant denies the allegations in paragraph 45 as to itself.  Defendant

20   further states that TWI was dismissed from this lawsuit and Defendant has no

21   obligation to respond to the allegations related to TWI.  To the extent Defendant has

22   any obligation to respond, Defendant is without information or knowledge sufficient

23   to form a belief as to the truth of the allegations relating to TWI, and thus, denies the

24   allegations on that basis.

25       In response to the unnumbered "WHEREFORE" paragraph on page 10 of the

26   FAC, Defendant admits that Plaintiff seeks purported damages.  Defendant denies

27   Plaintiff's remaining allegations as to itself in the unnumbered "WHEREFORE"

28   paragraph, and specifically denies (i) Plaintiff's claims in the instant lawsuit and (ii)

-11-

that Plaintiff is entitled to any damages.  Defendant further states that TWI was dismissed from this lawsuit and Defendant has no obligation to respond to the remaining allegations related to TWI.  To the extent Defendant has any obligation to respond, Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations relating to TWI, and thus, denies the remaining allegations on that basis.

## GENERAL DENIAL

Defendant denies all allegations set forth in the FAC not specifically admitted herein.

## AFFIRMATIVE DEFENSES

Defendant hereby asserts the following defenses to the claims and allegations set forth in the FAC.  By asserting these defenses, Defendant does not admit that Defendant bears the burden of proof or the burden of persuasion with respect to any particular defense.

### FIRST AFFIRMATIVE DEFENSE

The FAC fails to state a claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

At all times relevant, Defendant acted reasonably and in good faith, with honesty of purpose and without any improper motive, purpose or means, and without any hatred, ill will, malice, or intent to injure.

### THIRD AFFIRMATIVE DEFENSE

Upon information and belief, the FAC is barred, in whole or in part, or recovery should be reduced, under the doctrine of waiver, laches, and/or estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Upon information and belief, the FAC is barred, in whole or in part, or recovery should be reduced, under the doctrine of consent.

### FIFTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff is barred from recovery to the extent he has released his claims, if any.

## SIXTH AFFIRMATIVE DEFENSE

Upon information and belief, the FAC is barred, in whole or in part, or recovery should be reduced, under the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

Upon information and belief, the FAC is barred, in whole or in part, or recovery should be reduced, under the doctrine of avoidable consequences.

## EIGHTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff, by his own actions and conduct, has failed to exercise reasonable care and diligence on his own behalf and has caused or contributed to his own damages; thus, any recovery must be reduced or eliminated by the proportion of damages caused by his own acts and conduct.

## NINTH AFFIRMATIVE DEFENSE

Upon information and belief, to the extent any purported damages, injury, violation or wrongdoing alleged in the FAC were caused by third parties, Defendant's liability (if any), must be eliminated or reduced by an amount proportionate to the fault attributable to third parties.

## TENTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff has failed, refused and/or neglected to mitigate or avoid the harm complained of in the FAC, if any.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery to the extent his claims, if any, are attributable to occurrences falling outside the applicable statute of limitations.

## TWELFTH AFFIRMATIVE DEFENSE

Any award of punitive, treble, or statutory damages in this case would violate the due process and equal protection guarantees, and other substantive and procedural safeguards afforded to Defendant by the Fifth, Sixth, and Fourteenth Amendments to

-13-

the United States Constitution and/or by similar provisions of the California Constitution.

### THIRTEENTH AFFIRMATIVE DEFENSE

No act or omission of Defendant was a substantial factor in bringing about the harm alleged in the FAC, nor was any act or omission of Defendant a contributing cause to the harm alleged in the FAC.  Any acts or omissions of Defendant were superseded by the acts or omissions of others, including Plaintiff or other third parties named or not named in the FAC, which were the independent, intervening, and proximate cause of the damage or loss allegedly sustained.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because she lacks standing. Plaintiff has not suffered any actual constitutional injury sufficient to confer standing pursuant to *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015).

### FIFTEENTH AFFIRMATIVE DEFENSE

Any parties responsible for the actions alleged in the FAC were either not Defendant's agents or were not acting within the scope of their authority at the relevant times and Defendant therefore cannot be held responsible for their conduct.

### SIXTEENTH AFFIRMATIVE DEFENSE

To the extent any purported damages, injury, violation of law or wrongdoing alleged in the FAC was solely caused by the actions of third parties, Defendant cannot be held vicariously liable for such purported damages, injury, violation of law or wrongdoing.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, if any, are barred in whole or in part because Defendant has established and implemented reasonable practices and procedures to prevent violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") and related regulations.

### EIGHTEENTH AFFIRMATIVE DEFENSE

-14-

Plaintiff is barred from recovery to the extent any of the calls described in the FAC were made for a valid purpose or are otherwise exempt from liability, including but not limited to calls exempted by regulation or order of the Federal Communications Commission.

### NINETEENTH AFFIRMATIVE DEFENSE

As applied and on its face, the TCPA violates the First Amendment of the United States Constitution.

### TWENTIETH AFFIRMATIVE DEFENSE

The Hobbs Act cannot be validly or constitutionally applied to preclude Defendant from raising defenses to an action arising under the TCPA.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's TCPA claim is barred, in whole or in part, because Defendant nor any of its agents used an "automatic telephone dialing system" as defined in the TCPA.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff is barred from asserting his TCPA claim, in whole or in part, by the doctrines of acquiescence and ratification.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff's TCPA claim is barred, in whole or in part, because Plaintiff was not "charged for the call" as that term is used in the TCPA.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's TCPA claim is barred, in whole or in part, to the extent it seeks recovery for calls to telephone numbers that Defendant believed were residential (not cellular) phone numbers.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's TCPA claim is barred, in whole or in part, to the extent it is premised upon calls Defendant made for emergency purposes.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

1   Defendant did not ratify any of the conduct of which the FAC complains and
2   cannot be held liable for it.

3   ### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

4   Any claim for treble damages is barred because Defendant did not engage in
5   knowing or willful misconduct.

6   ### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

7   Defendant is not a "debt collector" as that term is defined under California's
8   Civil Code section 1788.2(c) of the Rosenthal Fair Debt Collection Practices Act
9   ("Rosenthal Act").  As a result, any claim asserted by Defendant under the Rosenthal
10  Act fails as a matter of law.

11  ### TWENTY-NINTH AFFIRMATIVE DEFENSE

12  Plaintiff is not a "debtor" as that term is defined under Section 1788.2(h) of the
13  Rosenthal Act.  As a result, any claim asserted by Defendant under the Rosenthal Act
14  fails as a matter of law.

15  ### THIRTIETH AFFIRMATIVE DEFENSE

16  Defendant did not attempt to collect a "consumer debt" against Plaintiff as that
17  term is defined under Section 1788.2(f) of the Rosenthal Act.  As a result, any claim
18  asserted by Defendant under the Rosenthal Act fails as a matter of law.

19  ### THIRTY-FIRST AFFIRMATIVE DEFENSE

20  Defendant did not use any harassing, false, deceptive, or misleading means in
21  connection with the collection of a debt, nor did Defendant use any unfair or
22  unconscionable means to collect or attempt to collect a debt, barring Plaintiff's claim
23  under the Rosenthal Act.

24  ### THIRTY-SECOND AFFIRMATIVE DEFENSE

25  Any violations alleged were not intentional and resulted from a bona fide error
26  notwithstanding the maintenance of procedures reasonably adapted to avoid such an
27  error, barring Plaintiff's claims under the Rosenthal Act.

28  ### THIRTY-THIRD AFFIRMATIVE DEFENSE

-16-

Upon information and belief, Plaintiff brought his Rosenthal Act claim in bad faith and for the purposes of harassment, entitling Defendant to recovery of its litigation expenses under the Rosenthal Act.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert any additional defenses that may arise as discovery progresses or otherwise in the course of litigation.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing from Defendant by reason of his FAC and that judgment be rendered in favor of Defendant;

2. For dismissal of the FAC, with prejudice; and

3. That Defendant be awarded its costs of suit and attorneys' fees incurred in defense of this action; and

4. For such other and further relief as the Court may deem just and proper.

Dated: July 20, 2017

KABAT CHAPMAN & OZMER LLP
/s/ Kristapor Vartanian

By: _____
Kristapor Vartanian
Abigail Stecker Romero

Attorneys for Defendant
Time Warner Cable Inc.

DEF.'S ANSWER & AFFIRM. DEFENSES TO FAC

# PROOF OF SERVICE

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 515 S. Flower Street, 36th Floor, Los Angeles, California 90071.

On July 20, 2017, I served the foregoing document(s) described as **DEFENDANT TIME WARNER CABLE INC.'S ANSWER AND AFFIRMATIVE DEFENSES** on the interested parties to this action in the following manner of service at the following address(es): SEE ATTACHED LIST

☒   **(BY MAIL)** I placed a true copy of the document(s) listed above in a sealed envelope addressed to each of said interested parties with postage thereon fully prepaid, and deposited it with the United States Postal Service in Los Angeles, California.

☐   **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed document(s) on the individual(s) listed on the attached mailing list.

☐   **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the offices of the below named addressee(s).

☒   (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.  I declare under penalty of perjury that the above is true and correct.

Executed on July 20, 2017 at Los Angeles, California.

/s/ Kristapor Vartanian

_____
Kristapor Vartanian

1

**SERVICE LIST**

2

3   James Poet
    501 West Glenoaks Blvd. #727
4   Glendale, California 91202
    eadness1@yahoo.com
5

6   *Plaintiff, Pro Se*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE